James McNab, *et al.*, *Ex'rs*, *&c.*,

*v.*

Charles Stewart.

The defendant contracted with the wife of A., in the lifetime of her husband, to take his daughter into their family, and board and care for her. A. having deceased, his executors commenced this action to recover for the board and care of the defendant's daughter, and on the trial called their testator's wife as a witness, and her evidence was received. *Held :* that the wife acted as the agent of her husband in the premises, and her evidence having been received as to the transaction, the defendant's evidence was also properly received. *Held also :* that where the statute of limitations has once run, it remains in force unless the debtor renounces its protection, and voluntarily makes a new promise to pay the debt.

There must be either a promise to pay, or an unqualified acknowledgment of a present existing indebtedness, from which such promise may be inferred, and if the acknowledgment or promise is conditional, it does not constitute a cause of action, unless that is done on which the promise is made to depend.

This action was commenced in the district court for Olmsted county, and comes to this court by appeal, taken by the plaintiffs, from the judgment of the court below. The case is sufficiently stated in the opinion of the court.

CHARLES C. WILLSON, for Appellants.

T. H. ARMSTRONG, for Respondent.

*By the Court*—WILSON, CH. J. The wife of the defendant, who was daughter of John McNab, deceased, departed this life in April, 1851, leaving surviving her, a daughter, Helen, a few days old. At defendant's request, said John McNab and his wife took the said Helen to their house, and took care of her for a number of years—the plaintiffs say about nine, and the defendant says about five.

This action was brought by the executors of John McNab, deceased, to recover for her care, board, clothing, &c., during the time she remained at the house of their testator. The defendant alleges, among other things, that in 1853, he demanded of John McNab, deceased, the custody and care of his daughter, which were refused, and he therefore claims that the plaintiffs cannot recover for her board, &c., since that date, and that an action for services performed, or materials, or necessaries furnished before that time, is barred by the statute of limitations; he also denies each and every allegation of the complaint. A verdict and judgment were entered in the court below for the defendant, and from the judgment the plaintiffs appealed. The only errors urged by them are, 1st, That the court erroneously charged that certain

letters, hereinafter referred to, were not evidence tending to show that the defendant had, within six years before suit brought, acknowledged his liability, and thereby taken the case out of the statute; and 2d, That the court erroneously admitted the defendant to testify that he made no contract with any person in 1851, for the keeping of his daughter Helen.

We think there was no error in either the charge or ruling excepted to. The statute of limitations is not a statute of presumption, but of repose; and when it has once run, it remains in force unless the debtor renounces its protection, and voluntarily makes a new promise to pay the debt.

There must be either a promise to pay, or an unqualified acknowledgment of a present existing indebtedness, from which such promise may be inferred, and the promise being the ground of the action, must be clearly proven. If the acknowledgment or promise is conditional, it does not constitute a cause of action, unless that is done on which the promise—express or implied—is made to depend. *Bell vs. Morrison,* 7 *Peters Rep.,* 632; *Moore vs. Bank of Columbus,* 6 *Pet.* 92; 3*d Parsons on Contracts,* (5*th ed.*) 61 *et seq;* 1 *Smith's Lead. cases—notes to Whitcomb vs. Whiting*; *Angell on Lim., Chap.* 6. The only language in said letters which can be considered an acknowledgment of the debt sued for, or a promise to pay it, is found in a letter written by defendant in answer to one written to him by John McNab, deceased, as follows:

"You speak of brother Neil making some verbal remarks to you in relation to what you pretend to claim of me. I presume he told you just what I directed him to do, and that was this: that I did not consider that I ought to pay you anything more than what you had of me; but rather than to have any difficulty with you, I would pay you what the keeping

of my girl would be fairly worth from the time you took her, until I went to house keeping again myself, which would be some two and a half years or thereabout. And now for the sake of buying my peace, and having a settlement with you, and hoping to have the same friendship exist between us thereby that formerly existed, I will make the offer that I suppose brother Neil made, and am willing to leave it out to any individuals that you and brother Neil may agree upon, or agree upon it yourselves. You speak of charges being $886. I understand nothing by the statement in particular; you can talk this matter up with brother Neil, and anything he and you agree upon will be final with me. " The most that can be said of this is, that it is a conditional promise, and it was not proven or pretended that the conditions were complied with; under these circumstances the letter was not evidence of a revival of the cause of action.

As to the alleged error in admitting evidence; our statute provides, that where one of the original parties to a contract, or cause of action in issue, and on trial, is dead, the other party shall not be admitted to testify as to such contract, in his favor, unless such transaction was had and performed on behalf of the party deceased, by an agent whose testimony is received. It appears from the evidence—which is all before us in the case—that there was no contract as to the sum to be paid by defendant for the care and keeping of his child. At defendant's request (and on the performance of certain conditions precedent) John McNab, deceased, received the child into his house to be cared for by his family. But the arrangement was made with his wife, and not with himself directly. While he left it altogether with her to say whether, and on what conditions the child should be received into their house, and the defendant applied to and treated with her only, yet it must be considered that she acted as the agent of

her husband in the premises, and her testimony having been received, that of the defendant was admissible under the statute.

But even if this evidence had been erroneously received, the error would not demand or justify a reversal of the judgment. The complaint charges that the "defendant became and was on the 29th day of February, A. D. 1860, indebted to the said John McNab, deceased, in the sum of $886, for the care, labor and attention of the said John McNab, deceased, in providing in sickness and health for the daughter of the said defendant, Helen Stewart, for board and clothing, schooling and physicians, and other necessary expenses of his said daughter, during the period of eight years, ten months, and three days. That such services were so rendered, and such expenses incurred, at the special instance and request of the said defendant, and for his benefit, and said defendant then and there expressly promised and agreed to and with the said John McNab, deceased, to pay him therefor, what the same was reasonably worth—that the same was worth $886." It was admitted by both parties, that John Mc-Nab, deceased, did in 1851, at request of the defendant, take the said child into his house, and take care of her for a length of time. Under these circumstances, in the absence of an express agreement to pay a specified sum for such services, the law implies a contract to pay what they were reasonably worth. The plaintiffs, on whom was the burden of proof, offered no evidence of such express contract, and the testimony of the defendant—excepted to—that he made no contract, did not tend to disprove an implied contract, and therefore could not have affected the legal rights of the parties; even if erroneously received it was harmless.

Judgment below affirmed.