GEORGE W. DENNY *vs.* THOMAS B. MARRETT.

August 3, 1882.

29 361
51 484

**Acknowledgment—Debt Barred by Statute of Limitations.**—A debt barred by the statute of limitations is not revived unless by an express promise, or by such an acknowledgment of the indebtedness as reasonably leads to the inference that the debtor intended to renew his promise, or to waive the benefit of the statute. The acknowledgment in this case *held* insufficient.

Appeal by defendant from an order of the district court for Ramsey county, *Brill*, J., presiding, overruling a demurrer to the complaint. The case is stated in the opinion.

*J. J. Egan*, for appellant.

*E. G. Rogers*, for respondent, cited, as to what constitutes a sufficient acknowledgment, *Lee* v. *Wyse*, 35 Conn. 384; *Blakeman* v. *Fonda*, 41 Conn. 561; *Penley* v. *Waterhouse*, 3 Iowa, 418; *Collins* v. *Bane*, 34 Iowa, 385; *Bayliss* v. *Street*, 51 Iowa, 627; *Buffington* v. *Davis*, 33 Md. 511; *Wilcox* v. *Williams*, 5 Nev. 206; *Johns* v. *Lantz*, 63 Pa. St. 324; *Leigh* v. *Linthecum*, 30 Tex. 100; *Whitcomb* v. *Whiting*, 1 Smith's Lead. Cas. 703.

DICKINSON, J. The defendant was the maker of a promissory note to the plaintiff. After the statute of limitations had run against the note, the debtor addressed two written communications to the creditor, which refer to the debt in question. The only question is whether these instruments are sufficient to take the note out of the operation of the statute of limitations. One of the writings is as follows:

"I have had two communications from C. M. McCollough, Esq., in regard to our business affairs. At present, George, I am not able to offer any settlement. It will not be necessary for you in the future to employ an attorney to arrange this matter. When that is done it will be done with you direct, and not through any third party. I am very sorry indeed, George, that I am not amply able to pay you;

but hope on, dear boy. Hope springs eternal within the human breast; and without it we could not live.

"Very truly yours,                    T. B. M."

The other communication is in these words:

"I will now write you and express my deep regret at the annoyance our business relations has caused you. In fact, the note which you have paid and hold is not my legitimate debt, but our friend Sam. B. Foard, Jr. In explanation, S. B. F. and myself had some dealings, in which he gave me his note for $225, I think. I had the same discounted. It was never paid, but renewed once or twice, and the last time the bank refused to renew without a new and more responsible indorser, and, inasmuch as I was unable to pay it, I got you to indorse it with me. Now, George, I want you to present these facts to Sam, and try to get a compromise with him. I will try to do a portion of it, but, in fact, the matter belongs to him exclusively. After you have interviewed him, please write me the result.

"Very truly yours,        T. B. Marrett."

The statute of limitations does not operate to raise a presumption of payment, but is a statute of repose; hence, to revive a legal obligation once terminated by the effect of the statute, requires something more than a mere acknowledgment that a past debt is still unpaid. In *Whitney* v. *Reese*, 11 Minn. 87, (138,) this court laid down this rule as established by the modern decisions, viz., that there must, in such case, be "either an express promise, or an acknowledgment expressed in such words, and attended by such circumstances, as give to it the meaning, and therefore the force and effect, of a new promise. * * * And in the case of an acknowledgment or implied promise, there should be a direct recognition of the indebtedness sued on, from which a willingness to pay the same may be reasonably implied." In *Brisbin* v. *Farmer*, 16 Minn. 215, the court says: "An admission of indebtedness, to take the case out of the statute, must be such as reasonably leads to the inference that the debtor intended to renew his promise to pay."

We reaffirm the rule thus indicated. Tested by it, this case does not show the bar of the statute removed, either by a new promise to

pay the debt, or by such an acknowledgment of an existing debt or obligation as reasonably leads to the inference that the debtor intended to renew his obligation, or to waive the benefit of the statute. There is certainly no express promise, unless it be in the words, "I will try to do a portion of it." How much? The question suggested shows that this is not a promise upon which an action can be maintained for the recovery of the whole debt, nor for any definite part of it. It is not a promise to pay anything. There is nothing in these communications which to our minds indicates an intention on the part of the defendant to renew the obligation to pay, which the statute had put to rest, or to relinquish the benefit of the statute. On the contrary, they seem to studiously avoid the expression of any such purpose.

The order overruling the demurrer is reversed, and the cause remanded for further proceedings in the district court.