JOHN C. DRAKE, Executor, *vs.* WILLIAM X. SIGAFOOS.

November 12, 1888.

**Limitation of Actions— Acknowledgment — Indorsement on Note.—** An indorsement made and signed by the debtor on a promissory note, after it has become barred by the statute of limitations, in these words, "I hereby acknowledge the indebtedness of this note," takes the note out of the operation of the statute.

**Executor—Appointment by Clerk of Court (under Iowa Statute)— Presumption.—**By the laws of Iowa, exclusive jurisdiction of wills, and of the appointment of executors, etc., was vested in the circuit courts, and the clerk was authorized in vacation to appoint executors. *Held,* not necessary to sustain an appointment by the clerk to show affirmatively that it was done in vacation.

Appeal by defendant from an order of the district court for Carver county, *Edson,* J., presiding, refusing a new trial.

*Peck & Brown*, for appellant.

*Odell & Steidl*, for respondent.

GILFILLAN, C. J.  An action on two promissory notes, made by defendant, payable to the plaintiff's testator,—one dated January 1, 1872, payable in 12 months from its date; the other dated February 1, 1872, payable six months after its date.  On each of these notes was this indorsement: "JUNE 20, 1882.  I hereby acknowledge the indebtedness of this note.  W. X. SIGAFOOS."  The evidence was sufficient to justify all the findings of fact by the court below, including the finding that the indorsements were wholly written and signed by the defendant.  If the indorsement is a sufficient acknowledgment to operate as a new promise to pay, the causes of action on the notes are not barred by the statute of limitations; otherwise the statute is a defence.  As to what is a sufficient written acknowledgment, the rule laid down by this court in *Whitney* v. *Reese*, 11 Minn. 87, (138,) and ever since followed, was "that there must be either an express promise, or an acknowledgment expressed in such words, and attended by such circumstances, as give to it the meaning, and therefore the force and effect, of a new promise.  *  *  *  And, in the case of an acknowledgment or implied promise, there should be a direct recognition of the indebtedness sued on, from which a willingness to pay the same may be reasonably implied."  Here the acknowledgment is direct and unqualified, and it is impossible to conceive any purpose the defendant could have had in writing it in so terse and bare terms on the back of the note, except to indicate that he still considered the note a binding obligation, which he expected and intended to pay.  He must have had some purpose in writing the acknowledgment, and in writing it on the note; no other than an intent to renew the note is apparent from or suggested by the terms of the acknowledgment, and the circumstances under which it was written. We therefore consider it sufficient under the statute.

The copy record of the Iowa court, appointing plaintiff executor of the will of plaintiff's testator, is fully authenticated as required by the act of congress.  By the laws of Iowa, the circuit court of each county had exclusive jurisdiction of wills, and of the appointment of executors, etc., and "the clerk in vacation shall have power to ap-

point executors," etc. The defendant insists that, to make the record of appointment of any avail, it should first be shown that the appointment (in this case made by the clerk) was made in vacation, and that otherwise it does not appear there was any jurisdiction. But we think that action by the clerk in the matter in term-time, rather than in vacation, would raise a question of regularity for the Iowa courts to settle, and not one of jurisdiction. Jurisdiction was vested in the court, not in the clerk. Whenever he or the judge of the court acted, he exercised the jurisdiction of the court, and not his own, and the court had jurisdiction at all times, in term-time or in vacation. In this state the judge of the district court in one district may, in certain circumstances, hold the terms of court in another district; but no one would imagine that, in order to sustain the proceedings at such a term, it would be necessary to prove the circumstance (such as the request of the judge of the district) justifying the judge so to hold a term out of his own district. It would not be a matter of jurisdiction. Being one only of regularity, the presumption would be in its favor.

We see no error in the decision of the court below, except as to the amount of the recovery, which seems much too large. We infer that the court allowed interest for the whole time, at 10 per cent. per annum. The true rule is to allow that rate on each note till it became due, and after that 7 per cent. per annum. The cause will be remanded, and the court below will modify its conclusions by estimating the amount to be recovered by that rule.