GERSHOM B. WARD *vs.* J. P. JOHNSON *et al.*

Submitted on briefs Nov. 16, 1892.    Decided Dec. 2, 1892.

**Bills and Notes—Estoppel by Negligence.**

Action by a *bona fide* indorsee for value before maturity upon a negotiable promissory note, to which the signature of the maker had been obtained by fraudulent representations of the payee as to the nature and terms of the contract.  *Held*, that the evidence justified a finding that the maker was guilty of negligence in signing the instrument without knowledge of its terms.

Appeal by defendant, J. P. Johnson, from a judgment of the District Court of Douglas County, *Searle*, J., entered April 20, 1892, against him for $823.72.

At McIntosh, Minn., on June 16, 1890, the defendant and fourteen other farmers of that vicinity executed and delivered to Thompson & Cowen their joint and several negotiable promissory note for $700 and interest, due November 1, 1891.   The payees indorsed and transferred the note before maturity to the plaintiff, Gershom B. Ward, who paid that firm $700 for it, and took it in good faith and without notice of any of the facts stated in the defense.   No other maker of the note was made defendant with Johnson in this action. He answered, a jury was waived, and the issues were tried by the court.   Among others, these findings were made :   That Thompson & Cowen falsely and fraudulently represented to defendant that a corporation had been formed called the McIntosh Horse Company, in which were to be twenty-three stockholders, and as many shares of stock of $100 each ; that such stockholders were to give Thompson & Cowen three notes, one for $700, and two others for $750,

each in payment for a stallion; that these notes were to be non-negotiable, and the makers to be jointly and not severally liable thereon, and that unless twenty-three signers should be obtained the notes were to be void; that defendant relied on these statements, and signed the notes; that only fourteen others signed them, and that the note in suit is one of the notes so signed. The court ordered judgment for plaintiff, and it was entered, and Johnson appeals.

*H. Steenerson* and *A. R. Holston*, for appellant.

Defendant relies upon Laws 1883, ch. 114. The fraudulent mis-representations were as to the nature of the instrument. It was represented to be a joint note of twenty-three persons, when in fact it was the joint and several note of fifteen. It was represented to be a joint note, when in fact it was a joint and several note. It was represented to be a note payable to Thompson & Cowen only, when in fact it was a negotiable note, and payable to Thompson & Cowen, or order.

*Jenkins & Treat*, for respondent.

Johnson knew when he signed this note that it was a promissory note, and he was guilty of negligence in signing it without reading it, or observing that it was a several as well as a joint promise, and payable to the order of Thompson & Cowen. He is not within Laws 1883, ch. 114. No fraudulent representation, trick or artifice as to the nature or terms of the note was employed by the payee in ob-taining appellant's signature to the note.

The exercise of diligence and attention on the part of the signer of negotiable paper is a necessary element of this defense. *Mackey* v. *Peterson*, 29 Minn. 298; *Leach* v. *Nichols*, 55 Ill. 273; *Chapman* v. *Rose*, 56 N. Y. 137; *Douglass* v. *Matting*, 29 Iowa, 498; *McCormack* v. *Molburg*, 43 Iowa, 561.

MITCHELL, J. This action was brought against defendant, as maker of a negotiable promissory note, the plaintiff being a *bona fide* in-dorsee before maturity for a valuable consideration.

The defense was that defendant's signature was obtained by fraud-

·ulent representations as to the nature and terms of the contract, the attempt being to bring the case within the provisions of Laws 1883, ch. 114.

A jury trial was waived, and the court found that defendant's signature was obtained by false representations, but that he was guilty of negligence in making and delivering the note.

The only question in the case is whether this finding was justified by the evidence, for according to the provisions of the statute, as well as according to the doctrine of all the cases in the absence of any statute, negligence by the maker in affixing his signature to a note or bill, in ignorance of its character, will deprive him of this defense as against an innocent indorsee for value before maturity. The evidence in this case was ample to justify, if not require, the finding that was made. He signed the note voluntarily, without informing himself of its contents, relying wholly upon the statements of the party opposed to him in the contract as to its nature and contents. He did not have even the stereotyped excuse that he could not read the instrument. He knew he was signing a promissory note of some kind, and yet affixed his name to it without availing himself of the means of information immediately within his power. It is difficult to conceive of a plainer case of negligence than this.

Judgment affirmed.

(Opinion published 53 N. W. Rep. 766.)

