Russell & Co. vs. D. Davis et al.

Argued by appellants, submitted on brief by respondent, Nov. 21, 1892. Decided Dec. 2, 1892.

**Acknowledgment of Continuing Indebtedness.**

The following was indorsed on one of two notes which were attached together: "This note and the one attached to it are all right, and I think I can pay one hundred dollars on them, any way, next fall. [Signed] D. Davis." *Held*, that this was a sufficient acknowledgment of the debt to take the case out of the statute of limitations; also, that it sufficiently described the note referred to as attached, and that parol evidence was admissible to identify it.

**Objection to Evidence to be Specific.**

> Where evidence is offered as to both of two causes of action, the objection that, under the pleadings, it is only admissible as to one, should be made specifically, so as to call the attention of the court to the ground of the objection.

Appeal by defendant D. Davis from a judgment of the District Court of Nobles County, *P. E. Brown*, J., entered in favor of the plaintiff Russell & Co., a corporation, upon two promissory notes made to it by defendants D. Davis and Bennett Evans. The facts appear in the opinion.

*Daniel Rohrer*, for appellant.

*Geo. W. Wilson*, for respondent.

MITCHELL, J. The acknowledgment which is relied on to toll the statute of limitations as to the two notes in suit is as follows:

"This note and the one attached to it are all right, and I think I can pay one hundred dollars on them, any way, next fall. Dated this March 26th, 1887.

    [Signed]                            "D. DAVIS."

The inflexible rule of this court, which is in accordance with the general current of authorities elsewhere, is that, to take a case out of the statute of limitations, there must be either an express promise to pay or an unqualified and unconditional acknowledgment of the debt from which a promise is implied.

As expressed in *Bell* v. *Morrison*, 1 Pet. 351: "If there be no express promise, but a promise is to be raised by implication of law from the acknowledgment of the party, such acknowledgment ought to contain an unqualified and direct admission of a present subsisting debt which the party is liable and willing to pay." Of course, the willingness to pay need not be express, but is implied from the unqualified and unconditional acknowledgment of the debt. Moreover, the acknowledgment must be an admission, not that the debt was just originally, but that it continues due at the time of the acknowledgment. For our own decisions, see *Whitney* v. *Reese*, 11 Minn. 138, (Gil. 87;) *Smith* v. *Moulton*, 12 Minn. 352, (Gil. 229;)

*McNab* v. *Stewart*, 12 Minn. 407, (Gil. 291;) *Brisbin* v. *Farmer*, 16 Minn. 215, (Gil. 187;) *Denny* v. *Marrett*, 29 Minn. 361, (13 N. W. Rep. 148;) *Drake* v. *Sigafoos*, 39 Minn. 367, (40 N. W. Rep. 257.)

But, even tested by these strict rules, we think the acknowledgment in this case was sufficient. It would be a very strained and unreasonable construction to hold that an acknowledgment that the notes "are all right" meant simply that they were genuine and originally constituted a just debt. Even if it stood alone, this could hardly, by any reasonable intendment, be construed as meaning anything but that the notes *then* constituted a valid debt.

But what follows (although insufficient as an express promise to pay) leaves no room for doubt but that the preceding statement that the notes were all right was used in the sense they constituted a valid subsisting debt. So that, taking the whole together, it was equivalent to saying: "I acknowledge these notes as a valid claim against me towards the liquidation of which I think I will be able to pay at least $100 next fall."

2. The written acknowledgment was entirely on one of the notes, and the parol evidence is that at the time this was written on it the other note (referred to as attached to it) was attached or pinned to it in the same manner as when produced on the trial. The point is made that the writing does not sufficiently identify the other note, and that parol evidence was not admissible to help it out. It is undoubtedly the rule that the written acknowledgment or promise must itself describe or furnish the means of identifying the debt or debts to which it refers, and that an insufficient written acknowledgment cannot be helped out by parol testimony. But this acknowledgment does identify the note as the one attached to the note on which it was written; and, this being so, parol evidence is admissible, if necessary to identify the note that was in fact attached. There is nothing against this in any of the cases cited by defendant.

3. The complaint declares on each note as a separate cause of action, the first being on the note upon which the acknowledgment was indorsed, and the second on the note referred to as attached to it. In the first cause of action, in order to take the case out of the statute, a new promise, after the bar of the statute had fallen, is alleged,

while in the second a partial payment within six years is alone alleged. No evidence was introduced to prove such payment, and it is now claimed that, under the pleadings, evidence of the new promise was inadmissible to establish the second cause of action. It is doubtful whether this point is covered by any of the assignments of error. But, waiving this, it is apparent that the evidence of the acknowledgment was offered as to both notes, and no such objection as is now raised was made or even suggested. The objections made only went to the points: (1) That the acknowledgment was on its face insufficient as to either note; and, (2) in any event, it did not sufficiently identify the second note, and that parol evidence was inadmissible to aid it. Evidently this was all that counsel had in mind, and, if he proposed to make the point that the evidence was inadmissible as to one cause of action under the pleadings, he ought to have made the point specifically. Had he done so, and the court had ruled that the objection was well taken, it would undoubtedly have allowed the complaint to be amended.

Judgment affirmed.

(Opinion published 53 N. W. Rep. 766.)