HALLADAY *v.* WEEKS.

127   363|
e145   487|
127   363|
147   658|

STATUTE OF LIMITATIONS—NEW PROMISE.

   \* A written promise to pay a note, barred by the statute of limitations, "as soon as one can," is not the promise required by the statute of limitations, and does not revive the original debt. Section 9740, 3 Comp. Laws.

Error to Jackson; Peck, J.   Submitted June 4, 1901. Decided July 2, 1901.

*Assumpsit* by Edgar A. Halladay, administrator of the estate of Julia Oatman, deceased, against Willard C. Weeks, on certain promissory notes. From a judgment for defendant on verdict directed by the court, plaintiff brings error. Affirmed.

*James J. Noon,* for appellant.

*William K. Sagendorph,* for appellee.

GRANT, J.   On June 22, 1870, defendant executed to plaintiff's intestate a promissory note for $300, due one year from date.   On September 4, 1875, he executed another note for $125, due one year from date.   These notes were, long before this suit was instituted, dead in the law, and could only be revived by a written acknowledgment or promise, required by the statute of limitations (section 9740, 3 Comp. Laws), which requires such acknowledgment or promise to be in writing, and signed by the party to be charged thereby.   On April 4, 1899, after his appointment as administrator, plaintiff wrote to defendant. The letter was not produced, and Mr. Halladay did not testify to its contents; but it may be a reasonable inference that he asked him about these notes.   To this, on April 4, 1899, defendant replied:   " It will be impossible

---

   \* Head-note by GRANT, J.

for me to do anything on that account this spring.   I will pay something on it as soon as I can, but cannot say just when."   This is clearly a conditional promise.   The letter contains no absolute promise of payment, but only a promise to pay " as soon as I can."   This means when he is able.   The question, therefore, is, Does a conditional promise comply with the statute?

A similar question was discussed in the early case of *Ten Eyck* v. *Wing*, 1 Mich. 40, 47.   It was there said, following the best-considered cases in this country, that, where a new promise is set up to avoid the statute, it must be proved in a clear and explicit manner.   Following the rule laid down by Mr. Justice Story, the court there held that the acknowledgment or promise is deemed a new contract, springing out of and supported by the original consideration, and that it is the new promise, not the original one, which imparts vitality to and revives the old debt. This court there said:   "The new promise, if qualified or conditional, restrains the rights of the party to its own terms, and, if he cannot recover by those terms, he cannot recover at all."   An original note, "payable when able," does not mature until the maker has become able; and his ability to pay must be shown by the holder.   *Veasey* v. *Reeves*, 6 Ind. 406.

There is an irreconcilable conflict in the decisions as to what language is sufficient to renew an obligation barred by the statute.   Chief Justice Shaw, in *Sigourney* v. *Drury*, 14 Pick. 387, said that it was quite impossible wholly to reconcile them.   We think, however, that the weight of authority is against the proposition that a conditional promise like this satisfies the statute.   Mr. Wood says:

" If a debtor annexes any qualification or condition to his acknowledgment or promise, it will not be operative to remove the statutory bar without proof of its performance; and a contrary rule would nullify the principle upon which the doctrine relating to acknowledgments rests.   It is not the acknowledgment of itself which revives the debt, but the promise which the law raises from the acknowledg-

ment; and, if that is conditional, it follows, as a matter of course, that the debt can only be revived subject to such conditions. The debtor, after the statute has run, is master of the situation. If the creditor expects to recover any portion of the debt, he must take it upon such terms as the debtor sees fit to dictate." 1 Wood, Lim. § 77.

Randolph says:

"The acknowledgment or promise to pay must not be conditional; or, if conditional, the condition must be shown to have been performed." 3 Rand. Com. Paper, § 1616.

Under conditional promises similar to this, the following among other courts have held that the promise cannot avail except upon proof of the performance of the condition: *Richardson* v. *Bricker*, 7 Colo. 58 ( 1 Pac. 433, 49 Am. Rep. 344 ); *Wilcox* v. *Williams*, 5 Nev. 206; *Parker* v. *Butterworth*, 46 N. J. Law, 244 ( 50 Am. Rep. 407 ); *Chambers* v. *Garland*, 3 G. Greene, 322. See, also, the authorities cited in 13 Am. & Eng. Enc. Law, 754, 755, and in the text-books above cited; *Perkins* v. *Cheney*, 114 Mich. 574 ( 72 N. W. 595 ).

The judgment is affirmed.

The other Justices concurred.