## E. A. HARTNAGEL v. BELVA ALEXANDER.[1]

March 6, 1931.

No. 28,332.

*Christensen & Ronken,* for appellant.
*Sterling, Converse & Spence,* for respondent.

HILTON, J.

Defendant appeals from an order denying her alternative motion for judgment notwithstanding the verdict or for a new trial.

Alice Engel, a sister of plaintiff, died testate in April, 1929; Belva Alexander was appointed administratrix of her estate. The will provided first for the payment of all debts. Plaintiff filed a claim against the estate in the probate court; it was allowed. An appeal was taken to the district court. Pleadings were made under the direction of the court; the complaint declared on an account stated, and the answer, in addition to a general denial, specifically

[1]Reported in 235 N. W. 521.

denied any indebtedness and pleaded the statute of limitations. The jury returned a verdict in plaintiff's favor for $4,741.50.

In March, 1900, Alice Engel and her husband moved from Rochester, Minnesota, to North Dakota. Plaintiff at their request accompanied them and worked for them for a period of over three years; he claimed compensation for his work at the rate of $60 per month with interest.

During the time of the employment certain small payments were made on account. Plaintiff then moved away; he had considerable correspondence with his sister in the following years until her death. Mr. Engel died in 1924.

The assignments of error are: (1) That the verdict was not sustained by the evidence; (2) that the court erred in overruling defendant's objection to the admission of two letters (plaintiff's exhibits C and D); (3) error in the charge of the court hereinafter referred to relative to the result that should follow if the jury found those letters to be genuine.

G. S. 1923 (2 Mason, 1927) § 9204, provides:

"No acknowledgment or promise shall be evidence of a new or continuing contract sufficient to take the case out of * * * [a statute relating to limitations of actions] unless the same is contained in some writing signed by the party to be charged thereby; * * *."

The statute of limitations had run against plaintiff's original claim, but on May 30, 1924, at his residence in the state of Washington he received from Mrs. Engel the sum of $1,500 to apply on the indebtedness. The evidence shows that accompanying that remittance was a request from Mrs. Engel for plaintiff to send her a statement of his claim against her. On June 12, 1924, he sent her a written statement in which the circumstances of the employment, both as to time and rate of compensation and payments made— all debits and credits—were set forth in detail. This statement contained a credit for the $1,500 above referred to. It showed a balance then due of $3,494.60, which included interest computed at the rate of six per cent. There was an account stated.

Two letters from Mrs. Engel to plaintiff were received in evidence, one bearing date of August 21, 1924, which read (spelling corrected):

### Exhibit C

"Dear Bro. Ed.

"I received your statement some time ago but I can't send you any more money now, not until I sell the rest of my land., Then I want to pay you the rest of the money I owe you. I am sorry to keep you waiting so long. From your sister

"Alice."

The other letter was dated February 24, 1928, and was as follows:

### Exhibit D

"Dear Bro. Ed.

"I received your welcome letter a few days ago. I am real sorry that I am not able to pay you yet. I haven't sold all of my land yet. Now just as soon as I can sell all of my land I want to pay you all the money I owe you and also 6 per cent interest. With much love and God's richest blessings, from your sister.

"Alice Engel."

Defendant claimed that these two letters were forged and had not been written or signed by Mrs. Engel. Evidence was introduced on both sides as to their authenticity. A question of fact was thus raised for the jury. The court in its charge (excepted to) submitted that question, stating:

"You are instructed that if the two letters, plaintiff's exhibits C and D, are genuine letters of Alice Engel, that the defense of statute of limitations then does not apply and plaintiff is entitled to the amount asked for in his complaint, and there is then an account stated, and six years not having elapsed since the date of this account stated, the plaintiff is entitled to recover the amount of his claim."

This portion of the charge was followed by one (not objected to) in which the matter was more fully and properly covered in detail.

The charge was correct. There was sufficient evidence to sustain the finding of the jury that the letters were genuine.

The contention of appellant that if a debt existed it was not sufficiently identified by the letters in question is not tenable. There was no showing of any statement other than the one referred to, which statement was retained by Mrs. Engel and found, after her death, among her valuable private papers in the safe of her former attorney. The receipt by plaintiff of the $1,500 payment was proved not only by his own testimony but also by that of another witness who saw the letter and the check therewith inclosed, the letter being the one in which Mrs. Engel had asked for a statement from plaintiff as to how much she owed him.

The further claim of defendant that Mrs. Engel's promise to pay was upon a condition which had not been fulfilled and that therefore no liability ever attached cannot be sustained. The language used in the letter speaks for itself. It should be given its usual and ordinary effect. Appellant suggests that Mrs. Engel might have meant: "I have received your statement. It is exorbitant, but as I cannot pay you anything now there is nothing to be gained by discussing it. When I sell my land I will be in a position to pay you; then I will determine what I owe you, and I will pay you all that I find I owe you"; or that she meant, "when or if I sell my land I will pay you." To say the least, either would be a strained and unwarranted construction.

In the letters of Mrs. Engel there was no condition expressed as to anything that plaintiff must do before such payment would be made. The filing of the claim in probate court was proper.

"All claims against the estate of a decedent, arising upon contract, whether due, not due, or contingent, must be presented to the court for allowance, within the time fixed by the order [limiting time to present claims in probate court] or be forever barred." G. S. 1923 (2 Mason, 1927) § 8812.

Mrs. Engel died before the balance was paid and before the statute of limitations had run on the new promise to pay. In the absence of a part payment thereon or other circumstance tolling

the running of the statute, the claim would only outlaw in six years from the date of the new promise. There had been a voluntary part payment made on one larger indebtedness, an unconditional acknowledgment of the debt and, in addition to an implied promise to pay it, including interest, there was an express promise so to pay.

Denny v. Marrett, 29 Minn. 361, 13 N. W. 148; Russell & Co. v. Davis, 51 Minn. 482, 53 N. W. 766; Bolles v. Boyer, 141 Minn. 404, 170 N. W. 229; Big Diamond Milling Co. v. C. M. & St. P. Ry. Co. 142 Minn. 181, 171 N. W. 799, 3 A. L. R. 1254; 4 Dunnell, Minn. Dig. (2 ed.) §§ 5624 and 5632. See generally 17 R. C. L. p. 887, et seq. and 37 C. J. p. 1095, et seq.

General statements of law found in cases cited by appellant, while correct when applied to the facts in those cases, are without application here. On the record the order appealed from was properly made.

Affirmed.