## SUSAN IZORA BERGHUIS v. CORNELIUS BURGES.[1]

April 14, 1939.

No. 32,111.

*Elizabeth L. Bonham,* for appellant.
*Donald S. Doty,* for respondent.

HOLT, JUSTICE.

March 1, 1921, defendant borrowed $2,000 of his brother Peter Berghuis and gave his promissory note therefor, due in one year with interest at ten per cent. Peter died in 1923, a resident of the state of Washington. His estate was there probated, and plaintiff, his widow, became the owner of the note. While such owner defendant paid $500 of the principal December 15, 1928, and $500 more of the principal April 8, 1929. He also paid interest until February 27, 1931. Nothing was paid on the note since. More than six years thereafter, on May 27, 1937, defendant wrote, signed, and addressed a letter to plaintiff which plaintiff claims revived the debt represented by the note. In this action to recover, the defense was that the cause of action did not accrue within six years before

[1]Reported in 285 N. W. 464.

service of summons. The trial court submitted to the jury the single issue of whether the letter of May 27, 1937, was such an acknowledgment of the subsistence of an obligation on the note as to justify a finding of a promise to pay the same. There was a verdict for $1,060. Defendant's motion for judgment notwithstanding the verdict was granted. Plaintiff appeals from the judgment.

The verdict was conceded to be correct in amount if there be any liability at all. Many letters from defendant to plaintiff respecting this note, all antedating March 1, 1931, were received in evidence for the purpose only of identifying it as the only such note held by plaintiff. No exception was taken by either party to the charge. However, the trial court, upon a more complete consideration of the letter of May 27, 1937, the sole basis for the verdict, concluded, as a matter of law, that it was insufficient. It reads:

"Mrs. Zora Berghuis,

"Auburn, Wash.

"My dear Zora:

"Your letter received a few days ago and I hardly know what to write to you as I am unable to make any payment on that note much as I should like to if I only had the money. When I sold my printing plant I sold it with a small payment down and the rest on eight years time with six month payments and that is what I am living on and it takes all that. I had hopes to get some money from my son Charles who I started when he bought a printing plant but he has only paid back $340 in five years and you know that Canadian interests have brought us nothing. I have a letter from John Pilling in Canada and he writes that the Canadian government has allowed the mortgagors to repudiate all loans over 20 years old so we have lost all our interests there if he is to be believed. So what can I do. Much as I would like to clear up that note I can't very well deprive my family from living and my health is such that I can not do anything any more. My left leg is hot all the time and if I try to do anything I am soon all tired out, otherwise my health is good but I still take insulin daily for diabetes

but it does not seem to bother me but I guess it will get me sooner or later.

"I am sorry that I cannot clean up this obligation, but I simply cannot at this time.

"The family are all well and so far we are getting along nicely and hope you are the same.

"Yours very truly,

"C. Burges."

The letter is to be tested by 2 Mason Minn. St. 1927, § 9204, as construed by our decisions. It reads:

"No acknowledgment or promise shall be evidence of a new or continuing contract sufficient to take the case out of the operation of this chapter, unless the same is contained in some writing signed by the party to be charged thereby; but this section shall not alter the effect of a payment of principal or interest."

The statute has existed in essentially the same form since territorial days. In Whitney v. Reese & Heylin, 11 Minn. 87, 90 (138) the conclusion reached was "that the weight of modern decisions establishes this as the rule on this subject: That there must be either an express promise, or an acknowledgment expressed in such words, and attended by such circumstances, as give to it the meaning, and therefore, the force and effect, of a new promise. * * * And in the case of an acknowledgment or implied promise, there should be a direct recognition of the indebtedness sued on, from which a willingness to pay the same may be reasonably implied." There the barred debt declared on was the joint promise of two partners, and writings pleaded to revive the same, dated March 21, 1851, and April 21, 1854, were signed not by the defendant but by his partner long after the dissolution of the partnership and were held insufficient. The last writing was made for the purpose of waiving the statute of limitations. In that case, among other authorities, is Bell v. Morrison, 1 Pet. 351, 7 L. ed. 174, written by Mr. Justice Story, and cited with approval in nearly every decision since rendered on the construction of this statute. In the case at bar, while defendant acknowledges a subsisting obligation upon the

note, the entire letter expresses inability then to pay anything and holds out no promise to pay in the future. The willingness to pay is conditional upon coming into possession of money or means wherewith to pay. There is certainly no purpose discerned to waive or toll the statute of limitations. In Denny v. Marrett, 29 Minn. 361, 13 N. W. 148, the two writings pleaded as acknowledgment to revive a barred debt were deemed to repel rather than imply a promise to pay, although the hope was held out that some payment might be expected. In Drake v. Sigafoos, 39 Minn. 367, 368, 40 N. W. 257, the defendant wrote and signed on the back of the outlawed note: "June 20, 1882. I hereby acknowledge the indebtedness of this note. W. X. Sigafoos." From that direct, terse writing, made after the bar of the statute had run, the court said: "He must have had some purpose in writing the acknowledgment, and in writing it on the note; no other than an intent to renew the note is apparent from or suggested by the terms of the acknowledgment, and the circumstances under which it was written." Russell & Co. v. Davis, 51 Minn. 482, 483, 53 N. W. 766, is another case where this writing by defendant on the back of one of two notes was held sufficient to imply a promise to pay. "This note and the one attached to it are all right, and I think I can pay one hundred dollars on them, any way, next fall. Dated this March 26th, 1887. [Signed] D. Davis." Here also by writing upon the note was indicated a purpose to waive the bar of the statute. The court said:

"Of course, the willingness to pay need not be express, but is implied from the unqualified and unconditional acknowledgment of the debt. Moreover, the acknowledgment must be an admission, not that the debt was just originally, but that it continues due at the time of the acknowledgment. [Citing our prior cases.] But, even tested by these strict rules, we think the acknowledgment in this case was sufficient."

The two letters were held adequate in Hartnagel v. Alexander, 183 Minn. 31, 235 N. W. 521, to support an implied promise to pay an account stated; but the record shows that shortly before the first letter was written the writer had paid $1,500 upon an out-

lawed obligation which she desired to pay as soon as she could sell her land. Our latest decision touching the subject now before us is Olson v. Myrland, 195 Minn. 626, 628, 264 N. W. 129, 131. There this language, in a letter from the defendant to the plaintiff, was held sufficient to imply a promise to pay the barred notes: "I have promised to sign them [the notes] again for one year. At that time they shall be paid even if I have to pay them myself." The letter contains language which is a direct promise to pay, even though the son, who evidently had had the benefit of the consideration of the notes, failed to pay. In the case at bar the letter was obviously not written for the purpose of lifting the bar of the statute of limitations. There is no language which can be tortured into a promise to pay the note. Defendant merely expressed inability to make any payment on the note much as he would like to if he only had the money. He states his inability because of disease to earn any money and no hope of obtaining any from other sources. He ends by saying: "I am sorry that I cannot clear up this obligation, but I simply cannot at this time." We think the whole tenor of the letter repels a promise to pay at any time in the future. The following authorities support the conclusion of the trial court that the letter is not, as a matter of law, such an acknowledgment of defendant's obligation on the note as to imply a new promise to pay: Rahilly v. O'Laughlin (8 Cir.) 1 F. (2d) 1; Chambers v. Garland, 3 Greene (Iowa) 322; Halladay v. Weeks, 127 Mich. 363, 86 N. W. 799, 89 A. S. R. 478; Parker v. Butterworth, 46 N. J. L. 244, 50 Am. R. 407; Koop v. Cook, 67 Or. 93, 135 P. 317. The judgment is affirmed.

Mr. Justice Hilton, incapacitated by illness, took no part.