## RECONSTRUCTION FINANCE CORPORATION v. ARNE OSVEN.[1]

February 9, 1940.

No. 32,332.

*Nelson, Palmer & Moses* and *H. W. Swenson,* for appellant. *Saltness & Lentz,* for respondent.

LORING, JUSTICE.

. In a suit upon a promissory note the trial court sustained the defense of the statute of limitations, and the case comes here upon appeal from the judgment.

[1]Reported in 290 N. W. 230.

October 2, 1930, the defendant gave his promissory note to Alf B. Lund for the sum of $220 due November 15, 1931, with interest at the rate of eight per cent per annum. Lund endorsed the note to the First National Bank of Dawson, which became insolvent and for which one Andresen was appointed receiver. The receiver found that defendant had $115.94 on deposit in the bank and applied this deposit upon the note. This left a balance of $104.06, to secure the payment of which on March 7, 1932, the defendant executed and delivered to the receiver a chattel mortgage in the usual form on certain personal property. This mortgage recited in part:

"That Arnie Osven * * * for the purpose of securing the payment of $104.06 and interest according to the conditions of the following note or notes, viz.: $220, dated October 2, 1930, due November 15, 1931, interest at 8 per cent per annum from 11-15-31 until paid, or any other note or notes given hereafter as a renewal hereof, do hereby grant, bargain, sell and mortgage unto Carl M. Andresen, Receiver * * * the following described property, to-wit: * * * until the debt secured hereby is fully paid. * * *

"Provided, that if the undersigned shall pay said note or notes or cause them to be paid, agreeably to the stipulations contained in same and this mortgage, then this mortgage to be void."

The mortgage contained a power of sale in case of default with the usual provisions authorizing the mortgagee to take possession and sell the property and out of the proceeds to pay the mortgage debt. Andresen was succeeded as receiver by Oliver Geiss, who assigned the note and mortgage to the plaintiff herein, which commenced an action to foreclose the mortgage on March 4, 1938. The defendant pleaded the statute of limitations, and when the case came on for trial no oral testimony was offered. The note, endorsement of the payment, the chattel mortgage, and assignment were received in evidence. It was admitted that the only payment ever made on the note was the sum of $115.94 allowed, before the due date, by way of offset against the deposit of defendant in the First National Bank of Dawson.

Upon these documents the trial court found that the defendant never at any time since the execution and delivery of the note promised or agreed to pay any part thereof or acknowledged the indebtedness otherwise than by giving the chattel mortgage, and that the time for the payment of the note was not extended at the time of the giving of the mortgage. The court found that under 2 Mason Minn. St. 1927, § 8348, the mortgage was not a lien upon the property described therein at the time of the commencement of the action for the reason that the note secured thereby was then barred by the statute, and that the defendant had not waived his right to rely upon the statute as a bar.

The question presented by the appeal is whether or not the giving of the chattel mortgage to secure the unpaid balance of the debt amounted to such an acknowledgment of the debt as would compel an implication of a promise to pay the note which would toll the statute of limitations.

It is the contention of the plaintiff that by giving security for the note the defendant sufficiently acknowledged the debt to toll the statute even though the mortgage be construed to contain no express promise to pay the debt.

The rule is well established in this state that an unqualified and unconditional acknowledgment of a debt implies a promise to pay. Smith v. Moulton, 12 Minn. 229 (352); Russell & Co. v. Davis, 51 Minn. 482, 53 N. W. 766; Drake v. Sigafoos, 39 Minn. 367, 40 N. W. 257; Olson v. Myrland, 195 Minn. 626, 629, 264 N. W. 129. In the Drake case, there was the simple, written acknowledgment which read, after the date [39 Minn. 368]:

"I hereby acknowledge the indebtedness of this note. W. X. Sigafoos."

The result in Shepherd v. Thompson, 122 U. S. 231, 7 S. Ct. 1229, 30 L. ed. 1156, relied upon by defendant, is out of harmony with the long-standing rule in this state.

"The effect of an acknowledgment is to place the debt on the footing of one contracted at the time of such acknowledgment."

1 Wood, Limitations (4 ed.) p. 404, § 74. Austin v. Bostwick, 9 Conn. 496, 25 Am. D. 42.

And it is immaterial whether the acknowledgment precedes or follows the bar of the statute of limitations on the debt. 1 Wood, Limitations (4 ed.) p. 431, § 81, and cases cited; Austin v. Bostwick, *supra;* Little v. Blunt, 33 Mass. (16 Pick.) 359. This court, in Olson v. Dahl, 99 Minn. 433, 109 N. W. 1001, 8 L.R.A.(N.S.) 444, 116 A. S. R. 435, 9 Ann. Cas. 252, speaking through Mr. Justice Brown, later Chief Justice, discussed at some length the origin of the statutes of limitations and Lord Tenterden's Act, which is the predecessor of our statutory requirement that the acknowledgment or promise must be in writing in order to toll the statute. 2 Mason Minn. St. 1927, § 9204. 1 Wood, Limitations (4 ed.) c. XII, p. 612, *et seq.* contains an enlightening discussion of the reasons underlying the rule. In our opinion, the chattel mortgage executed in March, 1932, securing the balance on the note, was an unqualified and unconditional acknowledgment of the indebtedness from which the implication of a promise to pay the note is compelling. Such being the case, the acknowledgment tolled the statute, which again began to run on the debt from the date the chattel mortgage was executed. The lien of the chattel mortgage survived with the debt.

The judgment is reversed with direction to enter judgment for the plaintiff in accordance with the views herein expressed.

Reversed.