## Louisville & Nashville Railroad Company v. Hopkins County, et al.

(Decided May 14, 1913).

### Appeal from Hopkins Circuit Court.

1. Railroads—Crossings.—The legislature may prohibit or require the abolition of grade crossings, or require a railroad company to construct bridges or viaducts at crossings, or authorize a municipal corporation to require such a crossing.

2. Railroads—Overhead Crossings.—Under statutory authority a railroad company may be required, at its own expense, to carry its track over a highway by means of a bridge; and this rule applies to all cases where public safety, convenience, or public welfare requires such a bridge.

3. Counties—Police Power of County.—In the absence, however, of statutory authority, a county cannot in the exercise of its police power, require a railroad company, at its own expense, to carry a new highway over its track by means of a bridge.

BENJAMIN D. WARFIELD, C. H. MOORMAN and LAFFOON & WADDILL for appellants.

LATT F. McLAUGHLIN for appellees.

OPINION OF THE COURT BY JUDGE MILLER—Reversing.

This proceeding was begun by a petition to the Hopkins County Court to establish a new road to be known as the "McLaughlin Avenue Public Road" through the suburbs of the city of Madisonville. The proposed highway crosses the land and right of way of the appellant at a point where its road passes through a cut 22 feet deep. The county court tried the case upon the exceptions of appellant to the report of the commissioners, and established the road. The judgment also required Hopkins County to pay the appellant one dollar as its

damages for the location of the public road over appellant's right of way, and required appellant to construct and maintain a reasonably safe and suitable overhead bridge across said railroad tracks; and it also determined, as a matter of law, that it was the duty of the appellant to construct and maintain said overhead bridge at its own expense, and that it was not entitled to compensation therefor.

Upon an appeal to the circuit court by the appellant, the case was tried upon the following agreed statement of facts:

"For the purpose of this case, it is agreed that the case may be submitted to the judge of the Hopkins Circuit Court on the following agreed statement of facts:

"1st. The proposed public road is of sufficient public utility, necessity and convenience to justify its establishment and is the best and most convenient route between the points indicated in the petition therefor. It crosses the land and right of way of the Louisville & Nashville Railroad Company on a hill or elevation at a point where the said company has a cut through said hill some twenty-two feet deep for its railroad tracks; that in order to provide a reasonably safe and suitable road where it crosses said railroad track it will be necessary to construct and maintain an overhead bridge eighteen feet wide over said cut and spanning the said railroad tracks. This point is the best and most convenient place in the vicinity to construct a safe and suitable crossing. It is impossible for said public road to approach the said railroad tracks at said point or in the vicinity thereof at grade.

"2nd. The Louisville & Nashville Railroad Company now owns and is in actual possession and use of said land and right of way crossed by said proposed public road and has so owned and used and been in possession thereof continuously for over thirty years last past. Said land and right of way is a strip of land eighty feet wide, being forty feet on each side of the center line of its railroad track and running indefinitely the length of its railroad track north and south. Said railroad company now uses and during all of said time has used and intends to continue to use the said strip of land for railroad purposes and for its railroad track and for all railroad purposes. Said railroad tracks have always been and are now and will continue to be used constantly by its railroad trains. The grade of said railroad tracks as it now exists has

been so established for over thirty years and it is wholly impossible for either the railroad track or said proposed public road to be brought to the same grade at the point of crossing, and the only way there can be any travel over the said proposed road across the said strip of land is by the construction and maintenance of an overhead bridge, spanning its said railroad tracks. Said railroad tracks at that point run through the crest of a hill and it was necessary in the construction of its tracks, over thirty years ago, to establish a grade and dig the cut through the hill which it then did, and that the said grade and cut, as then established cannot be altered at the point of crossing; and through the cut, the railroad track has a deep descending grade from north to south. The railroad cut through this hill is several hundred yards long and no grade crossing can be made at all at or near the cut, and a grade crossing out of the cut in the vicinity would be dangerous, because of the steep grade of the track. The proposed public road does not approach the railroad track at grade, but at an elevation of some twenty-two feet above the said railroad tracks, and that the construction and maintenance of a reasonably safe and suitable overhead bridge at such crossing will be necessary. The actual cost of such a reasonably safe and suitable bridge at such place will be at least $2,500 for the original construction and then it will have to be permanently maintained. The said railroad company has never donated the said land or right of way and has never consented and does not now consent to the opening of said public road, and is claiming full compensation for damages, if said road shall be opened and established; and the said company claims that it should not be compelled to construct or maintain the overhead bridge and that if it should be so compelled, that it is entitled to full compensation therefor. The damages for the land taken, excluding the matter of construction and maintenance of said bridge, are fixed at $1.

"All of which is respectfully filed as an agreed statement of facts upon which this proceeding is to be determined with right of appeal, as in other cases."

The trial in the circuit court resulted in a judgment establishing the road. The judgment also found, as facts, that the road crossed the appellant's land and right of way; that the damages for the actual land taken, exclusive of the element of compensation for construction and maintenance of the bridge, was one dollar; and, that

in addition to said damage, it would be necessary for the railroad company to construct a reasonably safe and suitable overhead bridge spanning its railroad tracks and cut. As a matter of law, the circuit court further found and declared it was the duty of the railroad company to construct and maintain the overhead bridge the same as if the proposed road had approached the railroad tracks at grade, and it therefore refused to allow any damages for the construction or maintenance of said bridge.

The defendant's motion for a new trial having been overruled, it prosecuted this appeal.

The appellee insists it is the duty of every railroad, under the statute, the common law, and the police power of the State, to construct and maintain, at its own cost, all highway crossings, either at grade, under grade, or overhead, wherever the same cross the company's right of way. On the other hand, appellant insists that the judgment appealed from, which requires appellant to construct an overhead bridge across its right of way at a cost of at least $2,500, and to maintain the same without allowing appellant any compensation therefor, violates both the State and Federal Constitutions, in that it takes its property without due process of law and applies appellant's property to a public use without its consent and without just compensation having been previously made therefor. Ky. Const., sections 13 and 242; U. S. Const., 14th Amendment.

Appellant further insists that in every case where a railroad company has been required to construct and maintain an overhead crossing, or bridge, the ruling was based either upon a charter provision or an ordinance of a city, or it was a case of a crossing in a thickly inhabited territory, and where the tracks of the railroad company had been laid subsequent to the opening of the street or highway; and that since none of these essential prerequisites to the exercise of the power exists in this case, the judgment is wrong.

In speaking of the power of the legislature to exercise its police power in the regulation of railroad crossings over public highways, the author in 33 Cyc, 263, says:

"The legislature may prohibit or require the abolition of grade crossings, or require the construction of bridges or viaducts at crossings, or authorize a municipal corporation to require such a crossing."

And, under statutory authority, a railroad company may be required, at its own expense, to carry its track over a highway by means of a bridge. The rule applies to all cases where public safety, convenience, or the public welfare requires such a bridge. R. R. Co. v. Connersville, 218 U. S., 336; R. R. Co. v. Minneapolis, 115 Minn.. 460; C. B. & Q. R. Co. v. Nebraska, 47 Neb., 549; 41 L. R. A., 481; 53 Am. St. Rep., 557; affirmed in 170 U. S., 57; Houston & Texas C. Ry. Co. v. Dallas, 98 Tex., 396, 79 L. R. A., 850, and Note.

The only statutory provision, however, in this State, bearing upon the question is found in sub-section 5 of section 768 of the Kentucky Statutes, which deals with "Railroads," and provides as follows:

"Sec. 768. Every company shall possess the following powers, and be subject to the following liabilities and restrictions: * * *

"5. To construct its road upon or across any water-course, private or plank board, highway, street, lane or alley, and across any railroad or canal; but the corporation shall restore the water-course, private or plank road, highway, street, lane, alley, railroad or canal to its former condition, as near as may be, and shall not obstruct the navigation of any stream, or obstruct any public highway or street, by cars or trains, for more than five minutes at any one time; and shall construct suitable road and street crossings for the passage of teams by putting down planks or other suitable material between and on each side of the rails, the top of which shall be at least as high as the top of the rails of such road or street; and in case the road is constructed upon any public street or alley, the same shall be upon such terms and conditions as shall be agreed upon between the corporation and the authorities of any city in which the same may be, but such road shall not be constructed upon any public street or alley until compensation shall be made by the corporation therefor to the owner of the property adjoining such street or alley, and opposite where such road is to be constructed, either by agreement or in the manner provided by law."

It will be noticed that while this statute authorizes a railroad company to construct its road upon or across any highway, it not only requires the railroad to restore said highway to its former condition, but it is expressly required to "construct suitable road and street crossings for the passage of teams by putting down planks or other

suitable material on each side of the rails, the top of which shall be at least as high as the top of the rails of such road or street." Evidently this statute contemplates the crossing of a highway by the railroad track, at grade, and not an overhead crossing of great expense, as is required by the judgment in this case. The jurisdiction of the county court is prescribed by statute, and its power in the establishment of new roads is fixed and limited by chapter 110 of the Kentucky Statutes, which nowhere gives that court the power here exercised. See C. & O. Ry. Co. v. Harmon, 153 Ky., 669. There being no statutory authority sufficient to authorize the county to exercise its police power to the extent here done, the circuit court was in error, and went beyond the scope of the statute in requiring appellant to construct and maintain an overhead bridge, at its own cost.

Judgment reversed, and action remanded for further proceedings consistent with this opinion.