No. 9662.

THE CHICAGO, ROCK ISLAND & PACIFIC RAILWAY CO. *v.* THE PEOPLE, EX REL.

Decided November 8, 1920.

Action in mandamus to compel a railway company to construct a bridge over its tracks. Writ granted.

*Reversed.*

1. APPEAL AND ERROR—*Agreed Statement of Facts.* A question which is excluded by an agreed statement of facts, not determined on review.

2. RAILROADS—*Construction of Crossings.* The duty to build railroad crossings on highways, as to those laid out over railroads already constructed, is not imposed by common law. It is strictly one of statutory enactment.

3. ESTOPPEL—*Railroads—Crossings.* A railroad company is not estopped from denying duty to maintain a bridge over its tracks, where the necessary element of estoppel, i. e., change of position by the party alleging it, is wanting.

4. MANDAMUS—*Lies When.* In an action for mandamus, the duty to be enforced, must be clear and definite.

*Error to the District Court of El Paso County, Hon. John W. Sheafor, Judge.*

Mr. WILLIAM V. HODGES, Messrs. BIERBAUER & JACKSON, for plaintiff in error.

Mr. WILLIAM C. ROBINSON, for defendant in error.

*En banc.*

MR. JUSTICE TELLER delivered the opinion of the court.

THE Board of County Commissioners of El Paso County, as relator, obtained a peremptory writ of mandamus requiring the plaintiff in error to construct a bridge across a cut through which its tracks run just north of the limits of the City of Colorado Springs. The case is before us on error.

The cause was submitted upon a statement of facts from which it appears that the railroad was constructed in 1888, and about five years later it voluntarily built a bridge over this cut, at a point which would be within the lines of Tejon Street, if extended northerly from the city limits across the railroad right of way; that no highway has ever been laid out or dedicated at the point in question; that notwithstanding this fact, the bridge has been used by the public for travel across said right of way; that the county constructed a road leading to and from said bridge, and approaches to it, and have kept said roadway in repair and open to the use of the public. It is further stated in said

statement that the bridge "is no part of any safety device for the safety of persons passing over said railroad and over said right of way."

The right to the mandamus is based by the defendant in error on three grounds: First, that the duty of maintaining the bridge is imposed upon the railroad company by statute. Second, that such duties are imposed by the common law. And third, that the railroad is estopped to deny that such duty rests upon it.

Under the first head, reliance is placed upon the following provision of Section 13 of the Public Utilities act of 1913, which reads as follows:

"(b) Every public utility shall furnish, provide and maintain such service, instrumentalities, equipment and facilities as shall promote the safety, health, comfort and convenience of its patrons, employees and the public, and as shall in all respects be adequate, efficient, just and reasonable."

Counsel contend that the bridge is a safety device which the above quoted statute requires the plaintiff in error to construct and maintain. The trouble with this contention is that it is excluded by the last paragraph of the agreed statement of facts as above cited. It is not necessary, therefore, to determine whether the statute in question applies to the bridge.

To support the second proposition that the railway company is required by the common law to maintain the bridge, counsel relies upon the case of *State v. St. P. Ry. Co.,* 98 Minn. 380, 108 N. W. 261, 28 L. R. A. (N. S.) 298, 120 Am. St. Rep. 581, 8 Ann. Cas. 1047, and *People v. U. P. Ry Co.,* 20 Colo. 136, 37 Pac. 610. These cases do not support the position. In the Minnesota case it was held that the railway company's charter required it to repair the bridge, and the question of the common law duty did not arise. The Colorado case cited concerned railway crossings of streets laid. out before the construction of the railroad. Plaintiff in error does not deny that in that case the railroad company would have to erect and maintain a crossing.

Counsel cite also the case of *I. C. R. R. Co. v. Willenborg*, 117 Ill. 203, 7 N. E. 698, 57 Am. Rep. 862. In that case the railroad company sought to enjoin a landowner from putting in a crossing. The court held that injunction would not lie because the right of way at that point provided that the landowner should be entitled to crossings, and, in addition, there was a statute which required the railroad company to put in crossings. That the railroad may be required by statute to put in crossings upon highways laid out either before or after the construction of a railroad need not be denied. Here there has been no legislation on the subject. The weight of authority is strongly against the position taken by defendant in error. *Northern Central Ry. Co. v. Baltimore*, 46 Md. 425; *Town of O'Fallon v. O. & M. Ry. Co.*, 45 Ill. App. 572, 579. In the latter case the court said:

"The duty to construct railroad crossings of highways and the approaches thereto, as to highways laid out over railroads already constructed, is not imposed by the common law. It is strictly a duty of statutory enactment, as a police regulation." See also *City of Bloomington v. I. C. R. R. Co.*, 154 Ill. 539, 39 N. E. 478, where the same doctrine is laid down.

In *City of Albia v. C., B. & Q. Ry. Co.*, 102 Ia. 624, 71 N. W. 541, it was held that in the absence of express legislation, a railroad company cannot be required to construct viaducts over its right of way in order to prolong or connect streets or highways established after the location and acquisition of the right of way.

In *L. & N. Co. v. Hopkins County*, 153 Ky. 718, 156 S. W. 379, the court had under consideration a statute requiring railroads to put in street crossings and to restore roads crossed to their former condition. The county was attempting to compel the railroad company to construct an overhead bridge across its right of way. The court said:

"Evidently this statute contemplates the crossing of a highway by the railroad track, at grade, and not an overhead crossing of great expense. * * * There being no

statutory authority sufficient to authorize the county to exercise its police power to the extent here done, the circuit court was in error, and went beyond the scope of the statute in requiring appellant to construct and maintain an overhead bridge, at its own cost."

To the same effect is the case of *C., H. & D. Ry. Co. v. City of Troy*, 68 Ohio St. 510, 67 N. E. 1051, and *C., M. & St. P. Ry. Co. v. Milwaukee*, 97 Wis. 418, 72 N. W. 1118.

The third position of counsel is that the plaintiff in error is estopped to deny its duty to maintain the bridge, because, it is said, it erected a bridge and permitted the county to grade approaches to it. The necessary element in a case of estoppel, i. e., the change of position by the party alleging the estoppel, is found by counsel in the alleged fact that the building of the bridge induced the county to construct a new public road. This assumes that the county has been damaged by the grading of the approaches to the bridge, making it available as a part of a highway. It does not appear that the county by its action has suffered any damage. It must be supposed that the road was necessary, else the grading would not have been done. The county's right to it is not impaired, and if the bridge is in law to be maintained by the county as a part of the highway—assuming for the purposes of argument that the roadway from the city limits northerly will be made a public highway—the county has lost nothing.

It would appear further that if the county constructed approaches to the bridge at a point where there was no highway, it did so at its own risk. A bridge could not have been built with the reasonable expectation that the county would expend money on approaches to it where there was no highway. Certainly the plaintiff in error obtained no advantage by the construction of a highway which counsel says its action induced.

Counsel further contend that we must infer that there was a contract between the county and the railroad company under which the road was built. It must be remembered that this is an action of mandamus, and the duty to

be enforced must be clear and definite. Such duty may not be inferred from the existence of such facts as those upon which counsel relies.

There was no duty imposed upon the railroad company to maintain the bridge, and it is not estopped to deny its obligation in that respect. The judgment is accordingly reversed with directions to dismiss the writ.

MR. JUSTICE ALLEN dissents.

MR. JUSTICE SCOTT and MR. JUSTICE BAILEY not participating.