SHINER v. JACOBS ET AL., TOWNSHIP TRUSTEES.

1. **Exemption from Taxation:** CHANGE OF BY SUBSEQUENT LEGIS-LATURE: CONSTITUTIONAL LAW. Where an exemption from taxation is provided by the general laws of the state upon certain conditions, persons complying with the conditions do not thereby acquire such vested rights against the state as to deprive a subsequent legislature of the power to alter the law and modify or remove the exemption. So held in this case, involving the right of the legislature to modify § 798 of the Code, providing exemption to persons planting forest trees.

*Appeal from Iowa Circuit Court.*

TUESDAY, DECEMBER 11.

THE plaintiff is the owner of two quarter sections of land. He planted twenty-four acres of forest trees on one quarter section, and twenty-three acres on the other. The trees were planted and cultivated for timber, and were not more than twelve feet apart, and on January 1, 1881, they were in good condition, standing and growing on the land. Part of the trees were planted in 1879, and all of them were planted within nine years previous to January, 1881. In the assessment for taxation in the year 1881, one quarter section was valued at $1,404, and the other at $1,440. The assessor deducted from these amounts the sums of $702 and $720, respectively, being one-half of the valuation. The deductions were made on account of said growing trees. The plaintiff claimed that there should have been deducted the sum of $100 for each acre of forest trees so growing on each quarter section. He made this claim to the board of equalization, and it was disallowed. He appealed to the circuit court, and set forth the foregoing facts in a petition therein filed. There was a demurrer to the petition, which was sustained, and plaintiff appeals.

*Rumple & Lake,* for appellant.

*Feenan, Hughes & Kirk,* for appellees.

ROTHROCK, J.—Section 798 of the Code provides that "for every acre of forest trees planted and cultivated for timber within the state, the trees thereon not being more than twelve feet apart, and kept in a healthy condition, the sum of $100 shall be exempted from taxation upon the owner's assessment, for ten years after each acre is so planted, *provided* that such exemption be applied to the realty owned by the party claiming the exemption, not to exceed one hundred and sixty acres of land upon which the trees are grown and in a growing condition."

By chapter 190 of the Acts of the General Assembly for the year 1880, this section was amended as follows: "Provided that the amount so deducted shall not exceed one-half of the valuation of the realty upon which such exemption is claimed."

There is no saving clause in this amendatory proviso. By its terms it applies to all lands which before that had been planted in forest trees, as well as to such as might thereafter be devoted to timber culture. But the plaintiff contends that the amendment can have no application to his lands, because, when he accepted the terms of the original statute and complied with its requirements, his right to exemption from taxation to the extent of $100 per acre for ten years became complete, and that it was in the nature of a contract entered into between him and the state, and that the legislature had no power to impair the obligation of the contract, and that the removal of the exemption was in violation of section 10, article 1, of the Constitution of the United States.

The exemption provided for was an act of general legislation. It was applicable to all the prairie lands in the state. Every owner of lands was thereby invited to devote a part of his land to the culture of forest trees. The law was not in the nature of a contract between the state and such land owners as availed themselves of its provisions. It appears to be well settled that, where an exemption from taxation is

provided for by the general laws of the state, any subsequent legislature is not thereby deprived of the power to alter the law and remove the exemption. *People v. Roper*, 35 N. Y., 629; *East Saginaw Manf. Co. v. The City of East Saginaw*, 19 Mich., 259; Same case, 13 Wallace, 373; *Rector, etc., of Christ's Church v. The County of Phila.*, 24 Howard, 300; *Hagar v. The Supervisors of Yolo Co.*, 47 Cal., 222.

The most of the authorities cited by counsel for appellant are cases arising upon charters granted by the state, and upon treaties, and the like, made with individuals, and it is held that these obligations cannot be impaired by subsequent legislation. The supreme court of the United States is the final arbiter upon all questions where any provisions of the federal constitution are involved, and in *Salt Co. v. East Saginaw*, 13 Wal., 373, the principle involved in this case appears to us to be definitely settled. We quote from the head note, which is a fair epitome of the opinion in that case: "A law offering to all persons, and to corporations to be formed for the purpose, a bounty of ten cents for every bushel of salt manufactured in the state from water obtained by boring in the state, and exemption from taxation of the property used for the purpose, is not a contract in such a sense that it cannot be repealed. Such a law is nothing but a bounty law, and in its nature a general law, regulative of the internal economy of the state, dependent for its continuance upon the dictates of public policy and the voluntary good faith of the legislature.

"General encouragement held out to all persons indiscriminately to engage in a particular trade or manufacture, whether in the shape of bounties, drawbacks, or other advantage, are always under the legislative control, and may at any time be discontinued."

We think the demurrer was properly sustained.

AFFIRMED.