[No. 9,456. Department One. — July 18, 1884.]

# GEORGE H. HAY, Appellant, v. B. P. HILL, Respondent.

CONSTITUTIONAL LAW — TAXATION — MORTGAGE — IMPAIRMENT OF THE OBLIGATIONS OF CONTRACTS. — Where a mortgage was executed prior to the adoption of the new Constitution, containing no express agreement that the mortgagor should pay the taxes on the property mortgaged, the mortgagee is, by section 4 of article xiii. of that Constitution, made primarily liable for the taxes assessed against the mortgage interest, and if the mortgagor pays all the taxes, he may deduct from the mortgage debt the amount assessed against the mortgagee. The obligation of the contract is not impaired by this provision of the Constitution.

APPEAL from a judgment of the Superior Court of San Diego County.

The action was brought to foreclose a mortgage. The mortgage was executed in November, 1879, to secure the payment of a promissory note payable in three years. It contained no special covenants as to payment of taxes. In January, 1883, the mortgagor paid the full amount of the note and interest, less three hundred and ninety-five dollars, which sum he had paid in taxes on the mortgage interest, without being requested to do so by the mortgagee. The action was brought to foreclose the mortgage for this last-named sum. The remaining facts are stated in the opinion of the court.

*M. A. Luce,* for Appellant.

Appellant contends that, as this note and mortgage was made before this clause of the Constitution went into effect, as to payment and discharge of the debt, that portion of the clause cannot be applied to previous contracts without infringing the Constitution of the United States prohibiting the impairment of the obligation of contracts. (*Edwards* v. *Kearzey,* 96 U. S. 595; *Bailey* v. *Gentry,* 1 Mo. 165; Cooley Const. Lim. 348; *McCracken* v. *Hayward,* 2 How. 612; *Ogden* v. *Saunders,* 12 Wheat. 259; *People* v. *Bond,* 10 Cal. 572; *Robinson* v. *Magee,* 9 Cal. 81; *McCauley* v. *Brooks,* 16 Cal. 32; *Golden* v. *Prince,* 5 Hall L. J. 502; 3 Wash. C. C. 313; *Edmondson* v. *Ferguson,* 11 Mo. 344; *Green* v. *Biddle,* 8 Wheat. 1.)

*Leach & Parker,* for Respondent.

We rely upon section 4, article xiii., of the Constitution, and the case of *McCoppin* v. *McCartney*, 60 Cal. 371, to support the judgment.

The COURT. — In his statement of the case, appellant informs us it is the desire of both parties that the appeal be decided on the main question involved, waiving all defects in pleading, findings, or otherwise.

If, after the adoption of the present Constitution, plaintiff, the mortgagee, became primarily liable for the taxes upon his interest in the property mortgaged, and such taxes were in fact paid by the defendant, mortgagor, the former would have been liable to the latter for the sum so paid in an action for money paid, laid out, and expended to and for his use and benefit, independently of any constitutional or statutory provision authorizing him to set off such sum. Waiving all defects of form, defendant was justified in claiming the sums paid by him for plaintiff's taxes as payments upon the mortgage debt. There was no contract between the mortgagor and mortgagee by which the former agreed to pay the taxes upon the mortgaged premises, the obligation of which was impaired by the provisions of the new Constitution. It is said that to hold that the mortgagor is to be allowed the sum by him paid for taxes assessed against the mortgagee, is to relieve him from the payment of a part of the money which he agreed to pay. But a power superior to both has relieved the mortgagor of a part of the taxes he was previously bound to pay, and has imposed upon the mortgagee a tax upon property previously not taxable. The mortgagor never owed the mortgagee any money for taxes. Under the former system he owed the *State* the taxes assessed upon the whole valuation of the property; under the present system he owes the State primarily the tax upon the value of the property, less the mortgage debt, and the mortgagee owes the tax levied on the mortgage interest. The mortgagor having paid an amount due from the mortgagee to the third party — the State — is entitled to recover the amount so paid. (*McCoppin* v. *McCartney*, 60 Cal. 371.)

Judgment affirmed.