## George McIntosh

### *v.*

## Herman Schroeder.

*Filed at Springfield January 14, 1895.*

Mechanic's liens—*failure to file petition within two years.* A mechanic's lien, whether against the owner of the premises or other persons, is lost by the failure of the lien claimant to exhibit his petition within two years after filing with the circuit clerk a statement of his claim, as required by section 4 of the statute concerning liens.

*McIntosh* v. *Schroeder,* 55 Ill. App. 149, affirmed.

Appeal from the Appellate Court for the Third District;—heard in that court on writ of error to the Circuit Court of McLean county; the Hon. Thomas F. Tipton, Judge, presiding.

A. E. DeMange, for appellant.

Lillard & Williams, for appellee.

Phillips, J.: In November, 1888, appellant contracted with appellee to put in the building of the latter a steam heating apparatus, which was placed in said building at a total cost of $1379.49, which became due January 1,

1889, all of which sum was paid except the sum of $329.49. On the 15th day of April, 1889, the claim for lien, properly verified, was filed in the office of the circuit clerk of McLean county. On August 30, 1893, appellant filed his petition in the circuit court of McLean county for a mechanic's lien, to which petition a demurrer was interposed and sustained, from which judgment of the court an appeal was prosecuted to the Appellate Court for the Third District, where that judgment was affirmed, and the record is now brought to this court by appeal.

The statute in reference to mechanic's liens is in derogation of the common law, and must receive a strict construction. Under it no person can obtain a lien unless a clear compliance with the requirements of the statute is shown. (*Belanger* v. *Hersey et al.* 90 Ill. 70.) By the provisions of section 4 of the statute it is provided that "every creditor or contractor who wishes to avail himself of the provisions of this act shall file with the clerk of the circuit court a true and just statement" of his claim, setting forth as therein particularly prescribed, after which he "may bring a suit at once to enforce the same, by bill or petition." Section 28 is as follows: "No creditor shall be allowed to enforce a lien created under the provisions of this act, against or to the prejudice of any other creditor, incumbrancer or purchaser, unless a claim for a lien shall have been filed with the clerk of the circuit court, as provided in section 4 of this act, within four months after last payment shall have become due and payable. Suit shall be commenced within two years after filing such claim with the clerk of the circuit court, or the lien shall be vacated."

These two provisions are to be construed together, and no lien exists without a compliance with section 4 in filing a just and true statement, verified, etc. On a compliance with the provisions of section 4 in that behalf the time for filing a petition to enforce the lien is extended, and it may be filed at any time within two years.

The proper construction of the effect of these sections is well stated by Coleman in his work on Mechanics' Liens in Illinois: "The original contractor can not bring suit to foreclose his lien until his claim for lien is filed as provided. Nor can he enforce it at all, unless he shall commence his suit within two years after filing of such statement. Once filed, the suit must be brought within two years or the lien is discharged,—the owner as well as all others relieved from its burdens."

The contention of appellant is that the last clause of section 28 has reference only to other creditors, incumbrancers or purchasers mentioned in the first clause, and as against the debtor may be filed at any time not barred by the Statute of Limitations. The two sections are *in pari materia*, and apply to the debtor as well as other creditors, incumbrancers or purchasers, both with reference to the filing of the claim and the time within which the suit shall be commenced.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*