[L. A. No. 474.   Department One.—June 21, 1899.]

J. W. BLACKBURN et al., Appellants, v. M. BELL, Respondent.

THRESHER'S LIEN—LIMITATION OF ACTION.—The thresher's lien, given by the act of 1885 (Stats. 1885, p. 109), for work done while a threshing machine is engaged in threshing, is purely statutory, and the right to the same cannot be extended beyond the limits prescribed by the plain language of the law. The lien expires by limitation, unless action is brought to recover the amount of the claim within ten days after the party ceases work.

APPEAL from a judgment of the Superior Court of San Luis Obispo County and from an order denying a new trial. E. P. Unangst, Judge.

The facts are stated in the opinion of the court.

P. O. Chilstrom, and G. F. Witter, Jr., for Appellants.

Charles A. Palmer, and G. Ward Kemp, for Respondent.

VAN DYKE, J.—The plaintiffs were engaged in San Luis Obispo county as threshers, and the action is for their wages as such and to enforce a thresher's lien under the act of 1885. (Stats. 1885, p. 109.)  The act reads as follows:

"Section 1. Every person performing work or labor of any kind in, with, about or upon any threshing machine, the engine, horse-power, wagons, or appurtenances thereof, while engaged in threshing, shall have a lien upon the same to the extent of the value of his services.

"Sec. 2.   The lien herein given shall extend for ten days after the person has ceased such work or labor.

"Sec. 3.   If judgment shall be recovered in any action to re-

cover for said services for work or labor performed, and said property shall be sold, the proceeds of such sale shall be distributed *pro rata* to all judgment creditors who have, within ten days, begun suits to recover judgments for the amount due them for such work.

"Sec. 4. The lien shall expire unless a suit to recover the amount of the claim is brought within ten days after the party ceases work."

The findings of the court bearing on the question involved in the appeal are as follows:

"1. That each and every one of the plaintiffs mentioned in said complaint was employed by the defendant to do and did perform work and labor in, with, and upon the threshing machine and appurtenances mentioned and described in said complaint while the same was engaged in threshing during the threshing season of 1896.

"2. That each and every one of said plaintiffs ceased such work and labor on September 16, 1896, between 11 and 12 o'clock A. M., and at no time since then has been engaged in such work and labor for defendant or any one on said machine.

"3. That no threshing has been done at any time with said machine since September 16, 1896.

"4. That such work and labor had ceased for more than ten days before plaintiff commenced this action."

The action was commenced September 28, 1896, and as a conclusion of law the court found in favor of the plaintiffs for their money demand, in the aggregate sum of four hundred and sixteen dollars and sixty-five cents, but that plaintiffs have no liens upon, and cannot enforce the lien against, the threshing machine and appurtenances mentioned and described in said complaint, or at all.

The plaintiffs appeal from so much of the judgment as declared that the said plaintiffs had no lien and were not entitled to an attorney's fee, and from the order denying said plaintiffs' motion for a new trial.

The evidence abundantly supports the findings of fact, and is all one way as to the time when work in the threshing ceased. Plaintiff Frank Kite, testifying in his own behalf, says: "We

did no threshing for anybody after about noon of the sixteenth day of September, 1896. I did not know of anything further to do; supposed it was the last job." Plaintiff Ed. Copsey, in his own behalf, says: "The last day the machine was engaged in threshing was the sixteenth day of September, 1896. We quit about noon." Plaintiff Tom Fiers, in his own behalf, says: "The machine quit on the sixteenth of September, 1896, about noon; did no work after the sixteenth that I know of." Defendant Bell says: "The machine has not done any threshing in this county for anybody since about noon, September 16, 1896." Witnesses W. D. Ashe and W. H. Brown, for defendant, testified to the same effect. Plaintiff Joe Copsey, in rebuttal, after stating that Bell had agreed to give them two days extra, says: "I knew the work was finished on the sixteenth day of September, 1896." William Mitchell, for plaintiff, says: "We quit threshing about noon on the sixteenth day of September, 1896." This is all the testimony in reference to the time when the threshing ceased.

The statute gives a lien for services mentioned therein "while engaged in threshing," and "the lien shall expire unless a suit to recover the amount of the claim is brought within ten days after the party ceases work."

The lien in question is purely statutory, and the right to the same cannot be extended beyond the limits prescribed by the plain language of the law. The work while engaged in threshing having ceased on the sixteenth of September, the lien expired before the action was commenced, to wit, September 28th.

The judgment and order denying a new trial are affirmed.

Harrison, J., and Beatty, C. J., concurred.