CARL EHMKE v. C. S. HARTZELL AND ANOTHER.[1]

June 20, 1924.

No. 23,981.

**Thresher's lien.**
    1. A thresher's lien being wholly statutory expires unless steps are taken to enforce it in the manner and within the time specified in the statute.

**After expiration of lien conversion will not lie.**
    2. Expiration of the lien terminates all rights growing out of it, and an action for conversion brought thereafter cannot be maintained.

[1]Reported in 199 N. W. 748.

Action in the district court for Mower county to recover $121.36. From an order Peterson, J., sustaining the demurrer of defendant Nemitz to the complaint, plaintiff appealed. Affirmed.

*Baudler Bros.*, for appellant.

*F. G. Sasse* and *R. A. Dunnette*, for respondent.

TAYLOR, C.

Plaintiff alleged in his complaint that he owned and operated a threshing machine with which he threshed a quantity of grain for F. C. Vaughan, in Mower county, in the last days of August, 1922; that he filed a lien on the grain for his threshing bill on September 6, 1922; and that the grain was sold to defendant Nemitz on September 15, 1922, who commingled it with other grain and subsequently sold it to parties unknown to plaintiff. The action was begun in August, 1923, and the relief demanded is a judgment against Nemitz for the amount of the threshing bill. Nemitz, who is the only defendant on whom service was made and will be intended by the term defendant hereafter, demurred to the complaint on the ground that it failed to state a cause of action. The demurrer was sustained and plaintiff appeals.

The statute creating the lien (chapter 248, p. 296, Laws of 1921), provides that the claimant shall file with the register of deeds a verified statement setting forth certain specified facts within 20 days after the threshing is completed. It further provides:

"A certified copy of such statement shall authorize the seizure and sale of so much of the grain covered by the lien as may be necessary to satisfy the same, with reasonable costs and expenses; but such seizure must be made, or an action to foreclose be commenced, within six months after such filing."

The lien is simply an additional remedy created by statute of which a claimant may avail himself in the manner and within the time specified in the statute. Being wholly statutory, if not enforced in the specified manner and within the specified time, it ceases to exist. Blackburn v. Bell, 125 Cal. 171, 57 Pac. 775; McIntosh v. Schroeder, 154 Ill. 520, 39 N. E. 478; and see Dunnell,

Minn. Dig. §§ 247, 6100. This action was brought more than 11 months after the filing of the lien statement and plaintiff concedes that his lien had expired. He says in his brief: "After the expiration of six months, the grain is free from the thresher's lien and may be taken by anyone without danger of being subjected to an action for damages at the hands of the thresher, who did have a lien on such grain during the six months. Had the respondent taken the grain in question after the expiration of the six months, he could not be held in an action for damages."

Plaintiff contends that the fact that defendant purchased the grain and disposed of it while the lien existed gave him a cause of action for conversion, and that this cause of action still subsists and may be enforced although his lien has been extinguished. He states: "At the time respondent wrongfully took the grain upon which appellant had a lien, a cause of action accrued to appellant as against the respondent, which existed independently of any rights that he may have had under section 7082 General Statutes of Minnesota and chapter 248 Laws of 1921 to foreclose his lien."

Plaintiff's contention cannot be sustained. The only right of any sort which he ever had in or to the grain was the lien given him by the statute. Permitting the lien to expire without taking any steps to enforce it, divested him of the only interest which he ever had in the grain, and terminated all rights growing out of the lien. He cites cases in which lienholders have maintained actions for conversion, but these are all cases in which the claimants had an existing lien. We know of no case holding that a lienor can bring an action for conversion after his lien has expired. He must have a right in or to the property at the time he brings his action, otherwise he has no basis for it. Cases involving threshers' liens are collected in 11 Ann. Cas. 1003, but the proposition urged by plaintiff is not considered in those cases.

Order affirmed.


WILSON, C. J. (dissenting.)

I respectfully dissent. Plaintiff had a lien on this property which would entitle him to maintain an action in conversion. Nash v.

Brewster, 39 Minn. 530, 41 N. W. 105, 2 L. R. A. 409; Scofield v. National Elev. Co. 64 Minn. 527, 67 N. W. 645; Nichols & Shepard Co. v. Minn. Thresher Mnfg. Co. 70 Minn. 528, 73 N. W. 415; Breault v. Merrill & Ring L. Co. 72 Minn. 143, 75 N. W. 122. The statute limits the time in which the lien right may be enforced, and, if it is not enforced in the specified manner and within the specified time, it ceases to exist.

This action, however, is not brought to enforce the lien. The special interest which plaintiff had in this property was a property right. Plaintiff does not seek to enforce that right against the grain, but seeks to enforce a cause of action—not in rem, but in personam—for a tort committed by the defendants. Plaintiff seeks damages resulting from the wrongful act of defendants. This wrong made it impossible for plaintiff to enforce the lien. The wrongful act is the gist of this action. Plaintiff's valuable property right existing by virtue of the lien was completely destroyed. It will not do to say that after six months plaintiff's lien will terminate, if not enforced. The fact remains that defendants destroyed that right while it was in being, and from the moment of such destruction the lien right was worthless. There was nothing upon which it could be enforced. This action is not an effort to enforce it. If the conversion had occurred after the lien right had expired, there would be no liability because there would then be no lien. Here the conversion occurred while the lien right existed. Defendant's conduct brought into existence the cause of action which the plaintiff now seeks to enforce. This cause of action should not be barred by the statute of limitations for a period of six years. Section 7701, G. S. 1913.