## STATE v. THEODORE BIES AND ANOTHER.

103 N. W. (2d) 228.

May 20, 1960—No. 37,884.

*Wayne C. Gilbert, B. C. Hart,* and *Briggs, Gilbert, Morton, Kyle & Macartney,* for appellants.

*Miles Lord,* Attorney General, and *Fred C. Norton,* Special Assistant Attorney General, for respondent.

NELSON, JUSTICE.

Action involved on this appeal was brought by the State of Minnesota against Theodore and Beatrice Bies to collect additional personal income taxes, penalties, and interest. Defendants appeal from an order denying their motion for a new trial.

The undisputed facts are that Mr. and Mrs. Bies filed joint Minnesota income tax returns for the calendar years 1942, 1944, 1945, and 1946; that the returns for 1942, 1945, and 1946 were duly filed on or before March 15 in the years 1943, 1946, and 1947, respectively; that the return for 1944 was filed on April 16, 1945; and that at the time of filing the tax shown to be due on each return was paid. No waivers extending the time for assessment of additional income taxes for any of the years 1942, 1944, 1945, or 1946 have been executed or filed by the defendants. The additional taxes which the state seeks to recover were not assessed until November 14, 1955, more than 8½ years after the defendants filed their 1946 income tax return and more than 12½ years after they filed their 1942 income tax return. In other words, the state's claim for additional taxes in this action is based upon an assessment made more than 5 years after the statute of limitations for assessment had run on the latest year in question.

The tax assessment made by the state on November 14, 1955, was based upon what was entitled an agreement as to final determination of tax liability, which agreement was entered into between the defendants and the state commissioner of revenue. This agreement dated August 22, 1959, read as follows:

"STATE OF MINNESOTA
DEPARTMENT OF REVENUE
AGREEMENT AS TO FINAL
DETERMINATION OF
TAX LIABILITY

"THIS AGREEMENT, made in triplicate relating to income taxes, by and between, THEODORE and BEATRICE BIES INDIVIDUALS residing at 480 West Wheelock Parkway, St. Paul 3, Minnesota, the taxpayers, and the, COMMISSIONER OF TAXATION

"WHEREAS, there has been at issue between the parties hereto the

basis for determining Minnesota taxable net income for the taxable years 1942, 1944, 1945 and 1946.

"And after resolving the items at issue between the parties hereto it is hereby determined that the tax liability for the years 1942, 1944, 1945 and 1946 shall be as follows:

| "Year | Tax Previously Assessed | Corrected Tax Liability | Additional Tax Liability | Interest | Total Additional Tax and Interest |
|---|---|---|---|---|---|
| 1942 | $ 1.02 | $ 817.84 | $ 816.82 | $404.51 | $1,221.33 |
| 1944 | —0— | 1,187.27 | 1,187.27 | 492.73 | 1,680.00 |
| 1945 | 323.82 | 1,187.49 | 863.67 | 324.09 | 1,187.76 |
| 1946 | —0— | 1,276.09 | 1,276.09 | 427.61 | 1,703.70 |

Total Liability ........................................................................$5,792.79

"PROVIDED, the total liability as shown above is paid within thirty (30) days from the execution of this agreement, no further interest shall accrue.

"THIS AGREEMENT is executed and filed without prejudice to the rights of either party as to the basis for determining Minnesota taxable income in any subsequent taxable year.

"THIS AGREEMENT is made pursuant to the provisions of Minnesota Statutes 1949, Section 290.51 and shall be final and conclusive as provided therein.

"IN WITNESS WHEREOF, the above parties have subscribed their names to these presents in triplicate.

"Signed this 22 day of August, 1955.

"THEODORE BIES
    By THEODORE BIES
"BEATRICE BIES
    By BEATRICE BIES
"DEPARTMENT OF REVENUE
    By G. HOWARD SPAETH
    Commissioner of Revenue"

The applicable statute of limitations on assessments (M. S. A. 290.49, subd. 1) required the state to make an assessment for any additional taxes within 3½ years from the date the return was filed, and subds. 7 and 9 of the same section required the state to commence collection proceedings within 21 months after expiration of the period for assessment. Said subd. 1 also provides when such taxes shall be deemed to have been assessed within the meaning of this section, including the requirement that notice be given to the taxpayer if the assessment exceeds the amount declared on the return.

The above-quoted agreement recites no waiver, no consent to assessment and collection, and no promise to pay. There was no abatement, credit, or refund recited or given to the taxpayers and no compromise referred to.

This action was commenced on March 24, 1958—nearly 6 years after the statute of limitations had run on the state's right to collect any tax that might have been assessed upon the basis of defendants' latest return filed in 1947. The taxpayers admit that the state has made demand for payment of the additional taxes, penalties, and interest claimed in its complaint and that they have refused to pay the amount claimed.

L. 1941, c. 550, § 17, provided:

"(g) Where the assessment of any tax is hereafter made within the period of limitation properly applicable thereto, such tax may be collected by a proceeding in court, but only if begun

"(1) within four years after the return was filed, or

"(2) within six months after the expiration of the period agreed upon by the commissioner and the taxpayer, pursuant to the provisions of subsection (h) hereof."

This section was amended by L. 1943, c. 656, § 15, by adding thereto the following: "or (3) within two months after final disposition of any appeal from the order of assessment." Section 15 was amended by L. 1945, c. 604, § 12, by substituting the word "six" for the word "two." Thereafter L. 1941, c. 550, § 17, as amended, was further amended by L. 1947, c. 635, § 14, and L. 1951, c. 649, § 3, so that the present statutory provisions, M. S. A. 290.49, subds. 7 and 9, read as follows:

"Subd. 7. Where the assessment of any tax is hereafter made within the period of limitation properly applicable thereto, such tax may be collected by a proceeding in court, but only if begun

"(1) within nine months after the expiration of the period for the assessment of the tax, or

"(2) within nine months after the expiration of the period agreed upon by the commissioner and the taxpayer, pursuant to the provisions of subdivision 8, or

"(3) within nine months after final disposition of any appeal from the order of assessment."

"Subd. 9. For taxable years beginning after December 31, 1942, and ending before December 31, 1946, except as to the 18 months limitation provided for in subdivision 2, the limitations of time provided in subdivisions 1, 2, 3, 4, and 7(1) shall be extended for an additional year."

The defendant taxpayers contend that no period has been agreed upon by the commissioner and the taxpayers pursuant to § 290.49, subd. 8, which provides in part as follows:

"Where before the expiration of the time prescribed in subdivisions (1) and (2) for the assessment of the tax, the commissioner and the taxpayer consent in writing to an extension of time for the assessment of the tax, the tax may be assessed at any time prior to the expiration of the period agreed upon,"

and that no appeal was or could have been taken from the order of assessment. They therefore contend that, by reason of the aforesaid statutory provisions of the Income Tax Act and the undisputed facts, the statute of limitations had run on the assessment of additional income taxes for all the years in issue long before the agreement was executed and that the state is prohibited from bringing the action.

The legal issues here involved are limited to the following questions: (1) Was the closing-agreement statute, § 290.51, intended by the legislature as a device for reviving tax claims barred by the limitations placed in the Income Tax Act as an integral part thereof? (2) Was the agreement between the defendants and the commissioner of taxation sufficient to renew a tax liability extinguished by the statute of limita-

tions contained within the Income Tax Act itself? (3) Was the state's claim for taxes again barred by failure to commence suit for collection within the time required by statute?

The defendants contend that the state's claim is barred not by just one but by two separate statutes of limitations, the first limitation barring the state from making any assessment of taxes more than 3½ years after a tax return is filed and the second preventing the state from commencing any action to collect taxes more than 1 year and 9 months after the time for making an assessment expires.

There is no provision which excepts a tax assessed pursuant to a closing agreement from § 290.49, subd. 1. Neither is it excepted from § 290.49, subds. 7 and 9. Nor is it excepted from § 290.49, subd. 8. On the contrary, the section on closing agreements (§ 290.51) contemplates an assessment by providing in part that if such agreement is approved by the commissioner, "such agreement, or any * * * assessment * * * made in accordance therewith, shall not be annulled, modified, set aside, or disregarded."

The Minnesota Board of Tax Appeals in Valentine v. Commr. of Taxation, Docket No. 94, August 21, 1942, said (p. 3):

"* * * This section under either the Federal or State laws has never been interpreted as Taxpayer claims. We believe that such a construction would amount to a repeal of the statutory limitation provisions."

The state's brief in the Valentine case indicates administration thinking upon the subject at that time. Referring to both the state and Federal closing-agreement statutes, the attorney general said:

"It [the Federal closing-agreement statute] has never been interpreted as appellant claims now our corresponding section should be interpreted, *as an amendment or repeal of the statutes limiting the time within which refunds may be filed* and allowed. The purpose of both sections is to provide for settlements which are final and conclusive upon both parties, and *not to wipe out limitations* on the right to a refund after the statutory time has expired." (Italics supplied.)

The attorney general's brief also emphasized the beneficial effect of statutes of limitation both in favor of the government and in favor of

the taxpayer, citing Hall v. United States, 95 Ct. Cl. 539, 43 F. Supp. 130, and concluded as follows:

"Certainly * * * *neither the state nor the taxpayer can reopen years which are barred by definite statutes of limitation.*" (Italics supplied.)

The latter position is in accord with an early pronouncement by Mr. Justice Mitchell that statutes of limitation are to be given as liberal a construction against the state as against citizens. County of Redwood v. Winona & St. Peter Land Co. 40 Minn. 512, 41 N. W. 465, 42 N. W. 473, affirmed, 159 U. S. 526, 16 S. Ct. 83, 40 L. ed. 247. The legislature in this state has adopted the policy of making statutes of limitation applicable to the state.

Since it is undisputed that the state did not assess the additional taxes claimed in this action within the 3½-year limitation period prescribed by § 290.49, whatever assessment was attempted was barred, without being subject to revival, and could not be the basis of the present action to collect in view of other limitations contained in § 290.49, subds. 7 and 9. In fact, the rights had been lost and did not have within them the seeds of revival.[1]

The state's claim here was therefore baseless, and any agreement to compromise it would lack consideration. Sisco v. Paulson, 232 Minn. 250, 45 N. W. (2d) 385; Peterson v. Hegna, 158 Minn. 289, 197 N. W. 484.

---

[1]There are no exceptions to statutes of limitations unless expressly provided. Cock v. Van Etten, 12 Minn. 431 (522); Weston v. Jones, 160 Minn. 32, 199 N. W. 431; Lagerman v. Casserly, 107 Minn. 491, 120 N. W. 1086, 23 L.R.A. (N.S.) 673. The courts cannot engraft on such statutes exceptions not contained therein, however inequitable the enforcement of the statute without such exceptions may be. Board of Freeholders v. Veghte, 44 N. J. L. 509; Bank of Jonesboro v. Carnes, 187 Ga. 795, 2 S. E. (2d) 495, 130 A. L. R. 1.

In Kavanagh v. Noble, 332 U. S. 535, 539, 68 S. Ct. 235, 237, 92 L. ed. 150, 153, the United States Supreme Court held that the period fixed by statute for claiming refunds of Federal income tax is established to cut off rights, justifiable or not, that might otherwise be asserted, and must be strictly adhered to by the judiciary. Remedies for resulting inequities are to be provided by Congress, not the courts. See, Rosenman v. United States, 323 U. S. 658, 65 S. Ct. 536, 89 L. ed. 535.

It has been held in this state that to sustain a compromise and settlement it must appear that the claim or controversy settled, though perhaps not in fact valid in law, was presented and demanded in good faith and upon reasonable grounds for inducing the belief that it was enforcible. This rule is the prevailing rule in this country and has been laid down as the established law in this state. Montgomery v. Grenier, 117 Minn. 416, 136 N. W. 9.

It is agreed that the present appeal presents no question of fraud; nor does the state claim that the statutes of limitations have been tolled by any fraudulent act on the part of defendants; neither do defendants seek to set aside the closing agreement on grounds of fraud. Defendants simply contend that the closing agreement was never intended to apply and could not be validly used to revive a tax liability barred by the statute of limitations; that the agreement was a nullity from the beginning; and that therefore no necessity existed on their part to proceed by action to have the closing agreement set aside. They also contend that public policy; the obvious purpose of enacting a closing-agreement statute; and past interpretation of that statute and similar statutes all support their contentions.

The basic law imposing taxes on incomes in Minnesota was enacted as L. 1933, c. 405, and approved April 21, 1933; its provisions are now included within c. 290. We had no income tax in this state prior to that date. This court has clearly held that the obligation of the citizens to pay taxes is purely a statutory creation, and taxes can be levied, assessed, and collected only in the method pointed out by express statute. Teichert v. County of Chippewa, 225 Minn. 406, 411, 31 N. W. (2d) 11, 14; People ex rel. Eitel v. Lindheimer, 371 Ill. 367, 21 N. E. (2d) 318, 124 A. L. R. 1472.

We are not concerned here with the ordinary or general statute of limitation but with one where the statute gives and limits the remedy. In creating the right involved, the legislature has the power to impose any restrictions it sees fit. The conditions so imposed qualify the right and are an integral part thereof; they are conditions precedent which must be fully complied with, or the right does not exist. See, 1 Wood, Limitations (4 ed.) § 9, and cases cited.

Where a general limitation law applicable to numerous classes of cases conflicts with a law applicable only to a particular class, the latter controls. 1 Wood, Limitations (4 ed.) § 11b.

A clear statement as to the distinction between ordinary statutes of limitation and the situation that exists where the statute gives and limits the remedy was made by this court in Kannellos v. G. N. Ry. Co. 151 Minn. 157, 159, 186 N. W. 389, 390, where it said:

"But we are unable to concur in the contention that the limitation fixed by the liability act should be construed as an ordinary statute of limitations. It has not received that construction in the Federal courts, at least no decision from those courts so deciding has been called to our attention. * * * The rule controlling the question, the rule followed and applied by the courts generally, is * * * to the effect that where a statute gives a new right of action, not existing at common law, and prescribes the time within which it may be enforced, the time so prescribed is a condition to its enforcement, an element in the right itself, and the right falls with the failure to apply for relief within the alloted time. *The rule as stated is one of general application, and is distinguished from the rule applied to statutes limiting the remedy and not the right.* * * *

"* * * It is clearly a new right, and not an old one with a restricted period for asserting it by appropriate action. Such is the view of the courts where the question has been considered. * * * The time limit being therefore an element of the right granted, the rule that there is no vested right in the defense of the statute of limitations has no application." (Italics supplied.)

See, Whittier v. Village of Farmington, 115 Minn. 182, 187, 131 N. W. 1079, 1081; Negaubauer v. G. N. Ry. Co. 92 Minn. 184, 99 N. W. 620; Donaldson v. Chase Securities Corp. 216 Minn. 269, 277, 13 N. W. (2d) 1, 5; William Danzer & Co. Inc. v. Gulf & S. I. R. Co. 268 U. S. 633, 45 S. Ct. 612, 69 L. ed. 1126; *The Harrisburg,* 119 U. S. 199, 7 S. Ct. 140, 30 L. ed. 358.

In *The Harrisburg* case the United States Supreme Court said (119 U. S. 214, 7 S. Ct. 147, 30 L. ed. 362):

"* * * It matters not that no rights of innocent parties have attached during the delay. *Time has been made of the essence of the right, and the right is lost if the time is disregarded.* The liability and the remedy are created by the same statutes, and the limitations of the remedy are, therefore, to be treated as limitations of the right." (Italics supplied.)

See Castaline v. Swardlick, 264 Mass. 481, 483, 163 N. E. 62, wherein the Massachusetts Supreme Court in discussing the aforesaid principle in substance said that where a right and a remedy have been created by statute, and the time within which and the method according to which they must be pursued are prescribed as conditions, the rule is that the court has no jurisdiction to entertain proceedings for relief begun at a later time or prosecuted in a different method.

Judge Sanborn said in Partee v. St. Louis & S. F. R. Co. (8 Cir.) 204 F. 970, 972, that:

"A statute which in itself creates a new liability, gives an action to enforce it unknown to the common law, and fixes the time within which that action may be commenced, is not a statute of limitations. It is a statute of creation, and the commencement of the action within the time it fixes is an indispensable condition of the liability and of the action which it permits. Such a statute is an offer of an action on condition that it be commenced within the specified time. If the offer is not accepted in the only way in which it can be accepted, by a commencement of the action within the specified time, the action and the right of action no longer exist, and the defendant is exempt from liability."

See, Bement v. Grand Rapids & Indiana Ry. Co. 194 Mich. 64, 160 N. W. 424, L. R. A. 1917E, 322; Morrison v. Baltimore & O. R. Co. 40 App. D. C. 391, Ann. Cas. 1914C, 1026; Pittsburg, C. & St. L. Ry. Co. v. Hine, 25 Ohio St. 629; Rodman v. Missouri Pac. Ry. Co. 65 Kan. 645, 70 P. 642, 69 L. R. A. 704; Atlantic Coast Line R. v. Burnette, 239 U. S. 199, 201, 36 S. Ct. 75, 76, 60 L. ed. 226, 227.

This court has held that the thresher's lien, being wholly statutory, if not enforced *in the specified manner and within the specified time, ceases to exist.* Ehmke v. Hartzell, 160 Minn. 38, 39, 199 N. W. 748; Blackburn v. Bell, 125 Cal. 171, 57 P. 775.

As to the application of the rule where mechanics lien statutes are involved, see Hokanson v. Gunderson, 54 Minn. 499, 56 N. W. 172; Smith v. Hurd, 50 Minn. 503, 52 N. W. 922; Burbank v. Wright, 44 Minn. 544, 47 N. W. 162; McIntosh v. Schroeder, 154 Ill. 520, 39 N. E. 478.[2]

It is clear that no general statute of limitations can be called into operation in the case at bar since the time limitations in c. 290 as to time of assessment and time of collection are an integral part of the Income Tax Act itself and therefore of the essence of the right. The legislature has the power to create the right to assess an income tax against the citizens of this state. It likewise had the power to fix the conditions under which the tax should be assessed and enforced, and therefore a compliance with those conditions is essential if the remedy is not to be lost and the rights are not to cease to exist.

Statutory provisions for extending time for bringing action by new promise does not apply to actions to recover on statutory liability. Montgomery County Commrs. v. McKittrick, 141 Kan. 283, 40 P. (2d) 352; 54 C. J. S., Limitations of Actions, § 303.

We are not in the instant case dealing with a debt or claim founded on contract which may be renewed or revived in so far as the general statute of limitation is concerned by an admission of indebtedness such as would reasonably raise inference that the debtor intended to renew his promise to pay.[3]

---

[2]In Annotation, 77 A. L. R. 1050, the editor states:

"Where a statute creates a cause of action where none existed before, and prescribes a limitation of time for bringing suit, the right of action is conditioned on its enforcement within the prescribed period, and the defendant may not be estopped from setting up the limitation." (Numerous cases are cited in the Annotation, some of which have been reviewed in this decision.)

In Annotation, 130 A. L. R. 15, the editor states:

"It is generally held that the principles of estoppel against pleading statutes of limitation are not applicable to statutes that create a cause of action where none existed before and limit the time for commencing suit thereunder."

[3]The following cases deal with the question of renewal of contract in-

Only the constitution limits a legislative body in the matter of taxation of property. The continuance, the limitations, the amendment, or the repeal of tax laws is a matter of public policy. The legislature says, whether it be the establishment of an income tax or some other form of tax by its act, that so long as the law stands the system of taxation therein provided for shall govern. No court has ever held that the state, through its legislature, has not the right to change its entire system of taxation, so long as the changes made do not violate constitutional provisions. A tax law is therefore a legislative enactment which defines the measure of every man's duty in support of the public burdens, *and a tax thus imposed is not founded on contract and does not establish the relation of debtor and creditor between the taxpayer and the state.* State ex rel. Spelts v. Rowe, 108 Neb. 232, 188 N. W. 107; State v. G. N. Ry. Co. 106 Minn. 303, 119 N. W. 202; Salt Co. v. East Saginaw, 80 U. S. (13 Wall.) 373, 20 L. ed. 611; Shiner v. Jacobs, 62 Iowa 392, 17 N. W. 613; Common Council of City of Detroit v. Board of Assessors, 91 Mich. 78, 51 N. W. 787, 16 L. R. A. 59; Hay v. Hill, 65 Cal. 383, 4 P. 378.

·We are unable to conclude otherwise than that § 290.49, subd. 8, makes it clear that the time for assessments may be extended only if a consent to such extension is obtained in writing before the expiration of the time prescribed for assessing the tax.

Minnesota Income Tax Regulation 2049 (a) reads in part as follows:

"Except as otherwise provided in Chapter 290 and except for the special circumstances referred to below, the period of limitations upon the assessment of tax for a taxable year ending after January 1, 1937, runs in favor of the taxpayer three and one-half years from the date the return was filed. *In the absence of a waiver agreement pursuant to M. S. A. 290.49, Subd. 8, an assessment is not valid if made after such period.*" (Italics supplied.)

---

debtedness where general statute of limitations is involved: Brisbin v. Farmer, 16 Minn. 187 (215); Denny v. Marrett, 29 Minn. 361, 13 N. W. 148; Drake v. Sigafoos, 39 Minn. 367, 40 N. W. 257; Reconstruction Finance Corp. v. Osven, 207 Minn. 146, 290 N. W. 230; Burleson v. Langdon, 174 Minn. 264, 219 N. W. 155; see, 54 C. J. S., Limitations of Actions, § 304.

The legislature has given the taxing authorities explicit authority to extend the period of limitation by agreement but has made the condition that such power be exercised before the statute runs. If there is a failure of compliance in that regard on the part of the taxing authorities, the statutory limitation provisions of the Income Tax Act must be strictly adhered to by the judiciary.

As we see it, the purpose of a closing agreement provided for under § 290.51 is to accelerate the determination of an unsettled tax question so that both the taxpayer and the government will in the end know that the disputed tax liability is fully and finally settled. If the tax liability has been terminated by the statute of limitations, there is no further tax liability. This means that under c. 290 both state and taxpayer must act within a certain time, if the state wishes to assess and collect a tax on the one hand, or the taxpayer wishes to claim a refund on the other hand.

The state has cited several Federal decisions involving Federal closing tax agreements. It stresses the application of Dubinsky v. Becker (8 Cir.) 64 F. (2d) 601, and Wolverine Petroleum Corp. v. Commr. of Int. Rev. (8 Cir.) 75 F. (2d) 593, certiorari denied, 295 U. S. 743, 55 S. Ct. 656, 79 L. ed. 1689, as applicable and to some extent controlling in the instant case. We have examined these cases and we have come to the conclusion that they lack persuasion, both factually and legally, in determining the controversy before this court. In the first place, the Federal government has promulgated regulations on closing agreements. In Mim. 3697, 1929-1 CB 119, it is stated:

"4. *Statute of limitations.*—The liability stated on Form 866 [the closing-agreement form prescribed by the Internal Revenue Service] shall include only the net tax legally assessed or assessable, and/or collectible, *and shall not include an amount the assessment or collection of which is barred by the statute of limitations.*" (Italics supplied.)

In Mim. 6383, 1949-2 CB 103, it is stated:

"7. Where the statutory period of limitation on assessment of tax (if any) for a period covered by the closing agreement will expire on or before the last date upon which the Secretary of the Treasury, the Under

Secretary, or an Assistant Secretary, may approve the closing agreement, or will expire within 30 days after that date, the taxpayer should be advised that the closing agreement will not be submitted for approval unless a consent (Form 872) is signed extending the period of limitation for assessment to a date at least 90 days subsequent to the latest day upon which the agreement may be approved."

The very most that can be said for the closing agreement in the instant case is that it was a mere acknowledgment of a past tax liability barred by the statute of limitations.

In the Dubinsky case the taxpayer based his right to recover entirely upon § 607 of the Revenue Act of 1928 (45 Stat. 791, 26 USCA, § 2607), which provided that any tax assessed or paid after the applicable statute of limitation had run should be considered an overpayment and refunded to the taxpayer *if claim therefor be filed within proper time*. We find no indication in the opinion that the taxpayer ever attempted to challenge the closing agreement either on the theory that it lacked consideration or was ineffective to revive tax liability for years barred by statute. The court indicated that the main issue was (64 F. [2d] 602):

"* * * whether this closing agreement is operative in the face of section 607. If it is, appellant must lose, if not, he is entitled to recover."

We fail to see under all the facts and circumstances in that case where the court's decision established any rule of law that tax liabilities barred by statutes of limitations can be revived by a closing agreement.

In Wolverine Petroleum Corp. v. Commr. of Int. Rev. (8 Cir.) 75 F. (2d) 593, 594, the closing agreement contained the following provision:

"Whereas, said taxpayers hereby agree to this determination and *consent to the assessment and collection* of any deficiency in tax *included in the amount of the principal tax* liability so determined, together with any penalty or interest applicable thereto as provided by law, and/or to accept any abatement, credit or refund made in accordance with such determination, together with any interest due thereon as provided by law." (Italics supplied.)

Clearly, in the Wolverine case, the taxpayer was agreeing not only to

the "determination" but was expressly giving his consent to the "assessment" and "collection" and was doing so in consideration of such abatement, credit, or refund as might be made in accordance with the determination. In the case at bar there is no consent to assessment and collection; there was no abatement, credit, or refund recited or given to the taxpayer. The court upheld the closing agreement in the Wolverine case on the grounds that the policy of establishing the finality of such agreements (75 F. [2d] 596) "has proven efficacious in encouraging the compromise of troublesome tax matters." The facts surrounding the closing agreement in the case at bar include none parallel to those which provided the basis for a closing agreement in the Wolverine case.

In In re Brooklyn Pawnbrokers, Inc. (E. D. N. Y.) 39 F. Supp. 304, the United States District Court said that the courts "deny the government examinations in connection with tax years as to which the statute of limitations has run, except in fraud cases," citing Farmers' & Mechanics' Nat. Bank v. United States (3 Cir.) 11 F. (2d) 348; Matter of Morris & Cummings Dredging Co. (S. D. N. Y.) 9 Am. Fed. Tax Rep. 1665; and In re Andrews' Tax Liability (D. Md.) 18 F. Supp. 804. The court in that opinion made the following comment (39 F. Supp. 305):

"* * * to permit the government to examine as to statute barred years upon a mere conclusory allegation of fraud is to deprive the taxpayer of that freedom from unreasonable harassment which he has a right to expect under a democratic form of government."

In the absence of extraneous relevant aid to construction, statutory provisions couched in ordinary English will be given the meaning which the words ordinarily convey. Rosenman v. United States, 323 U. S. 658, 65 S. Ct. 536, 89 L. ed. 535.

We have in the case before us an attempt to revive a tax liability barred by statute through the use of what has been termed a closing agreement but without recital of consideration, without waiver of limitations, without agreement to pay, and without recital of consent to an assessment based upon agreement. The only statement in the aforesaid agreement relating to payment is one which gives the taxpayer the option

of paying the tax within 30 days without further interest. The state failed to commence suit for collection of the tax within the time limited by statute. The state's claim for additional taxes has expired by operation of two statutes of limitation, integral parts of the Income Tax Act itself, constituting an absolute bar to the assessments for additional tax and the right to bring a proceeding to collect thereon; the rule that there is no vested right in the defense of the statute of limitations has no application where the right to tax has been cut off and the remedy ceases to exist.

Reversed.

Mr. Justice Loevinger, not having been a member of the court at the time of the argument and submission, took no part in the consideration or decision of this case.