PEOPLES STATE BANK TRUMAN,
Respondent,

v.

Thomas J. TRIPLETT, in his capacity
as Commissioner of Revenue, et
al., Appellants.

No. CX–00–2147.

Court of Appeals of Minnesota.

July 24, 2001.

Review Denied Oct. 16, 2001.

Joe A. Walters, John S. Jagiela, O'Connor & Hannan, L.L.P., Washington DC, for respondent.

Mike Hatch, Attorney General, Bradford S. Delapena, Assistant Attorney General, St. Paul, MN, for appellants.

Considered and decided by HALBROOKS, Presiding Judge, WILLIS, Judge and HANSON, Judge.

## OPINION

HANSON, Judge.

Respondent Bank commenced this action to recover a refund of unconstitutionally discriminatory corporate excise taxes. There is no dispute that Respondent Bank overpaid its lawful taxes. The question is whether it perfected its statutory claims for refund or, failing that, may pursue common law claims for unjust enrichment or breach of fiduciary duty. On appeal from an order denying their motion to dismiss, appellants State of Minnesota and Commissioner of Revenue challenge the district court's jurisdiction to consider refunds for the net operating loss carryback or carryover tax years because respondent failed to perfect its claims for refunds for those years within the time limitations imposed by the tax-refund statute. We reverse.

## FACTS

Until 1983, respondent Peoples State Bank of Truman (Bank) was subject to a Minnesota bank excise tax on net income that required it to report income from United States Government obligations while exempting income from State of Minnesota obligations. See Cambridge State Bank v. Roemer, 457 N.W.2d 716, 719 (Minn.1990) (detailing how statutes excluded interest received on state obligations). In 1983, the United States Supreme Court held that a similar tax violated federal statutes. See Memphis Bank & Trust Co. v. Garner, 459 U.S. 392, 103 S.Ct. 692, 74 L.Ed.2d 562 (1983) (holding that a Tennessee bank tax impermissibly discriminated against the federal government and those with whom it dealt in violation of 31 U.S.C. § 742 (1994)). Ensuing litigation in Minnesota resulted in the determination that the Minnesota tax was unconstitutional and that subject banks were entitled to a refund of taxes paid on income from federal obligations. Cambridge State Bank v. James, 514 N.W.2d 565 (Minn.1994).

Minnesota's tax-refund statute provides a process for obtaining refunds of taxes paid in any year that exceed the amount legally due for that year. Minn.Stat. § 290.50 (1984). That process requires that the taxpayer first file a claim for refund with the commissioner. Id., subd. 1(a). If the commissioner fails either to pay the claim or issue an order of denial within six months of the filing, the taxpayer may commence an action in district court to recover the refund. Id., subd. 2. The statute imposes two time limitations on this tax-refund process: the claim for refund must be filed with the commissioner within three and one-half years after the date prescribed for filing the return for that year (subdivision 1(a)), and the action must be commenced within two years after the date that the claim for refund was filed (subdivision 2).

Beginning in 1983, Bank filed with respondent Commissioner of Revenue claims for refunds based upon the Memphis Bank decision. Ultimately, it filed claims for each of the tax years 1979 through 1982 (referred to as the "core tax years").

When the proper excise tax due from Bank for each of the core tax years was recalculated, it was determined that Bank suffered a net operating loss (NOL) in some of those years. Under the tax laws, that NOL can be carried back as a deduction to each of the three tax years preceding the tax year of the loss, and can be carried over as a deduction in each of the five tax years following the tax year of the loss. Minn.Stat. § 290.095, subds. 3(a)(1),

(2). A special period of limitations is provided for filing a claim for refund with the commissioner for NOL carrybacks, extending the period to 45 months following the tax year in which the NOL occurs. Minn.Stat. § 290.095, subd. 9.

Bank claims that the recalculation of its excise taxes for the core tax years resulted in NOLs that it could carry back to obtain a refund for tax years 1976 and 1978, and could carry over to obtain a refund for tax years 1983, 1984 and 1986. However, it did not file separate refund claims for those carryover and carryback tax years until 1996.

While the *Cambridge* litigation was still pending, the commissioner neither denied nor paid Bank's refund claims for the core tax years. Bank therefore brought this action in 1987, seeking "a refund of Minnesota tax for the taxable years in issue," which its complaint defined as 1979–1982 (the core tax years). The prayer for relief in Bank's complaint also requested "such other and further relief as is just and equitable." While Bank's complaint referred specifically to the tax-refund statute, it argues that the complaint also sought recovery under the common law theories of unjust enrichment and breach of fiduciary duty.

In 1997, Bank and the commissioner entered into a settlement and partial release of claims relating only to the core tax years. The partial release made the following reservations:

3. * * * The [commissioner] [is] not released as to any liability for, and the existing rights, if any, of [Bank] are specifically preserved herein to pursue, the payment of refunds of Minnesota bank excise taxes * * * paid by [Bank] for the taxable years ending December 31, 1976, 1978, 1983, 1984 and 1986.

4. That nothing in this Agreement shall impair, and the [Bank] and the [commissioner] agree to preserve, any existing rights of the [commissioner] to assert all of its defenses against the payment of refunds of Minnesota bank excise taxes paid relative to taxable years other than the taxable years ending December 31, 1979, 1980, 1981 and 1982 and raise all objections and theories precluding recovery relative thereto including but not limited to the right to audit loss years to determine the amount of loss subject to carryback and carryover.

The state and the commissioner moved for summary judgment, judgment on the pleadings, or dismissal. The district court denied the motion in all respects. The district court determined that the refund claims for the NOL carryback and carryover tax years were not barred by the partial release and that the Bank's complaint adequately alleged refund claims for those years, even though they were not specifically referenced, because of the broad prayer for relief.

The state and the commissioner appeal the denial of their motion to dismiss.

### ISSUES

1. Did Bank adequately perfect claims for refund for the NOL carryback and carryover tax years by filing timely claims for refund that reference only the tax years in which the NOLs occurred?

2. If Bank's claims for refund for the NOL carryback and carryover taxable years were not perfected, did the district court have jurisdiction to consider those claims, whether under the tax-refund statute or under common law theories of unjust enrichment or breach of fiduciary duty?

### ANALYSIS

On appeal from an order denying a motion to dismiss and/or for summary

judgment, we consider whether the district court erred in its application of the law and whether there are any genuine issues of material fact. *State by Cooper v. French,* 460 N.W.2d 2, 4 (Minn.1990). The commissioner maintains that the standard of review is that applicable to a motion to dismiss for failure to state a claim under Minn. R. Civ. P. 12.02(e). However, where matters outside the pleadings are presented to and not excluded by the district court, the court's decision is reviewed under a summary-judgment standard. *Carlson v. Lilyerd,* 449 N.W.2d 185, 187 (Minn. App.1989), *review denied* (Minn. Mar. 8, 1990); Minn. R. Civ. P. 12.03. This occurred in the present case because the motion to dismiss was consolidated with the motion for summary judgment.

We will first consider Bank's statutory refund claim, and then consider its common law claims.

### I.

The commissioner argues that, while Bank timely filed its claims for refunds with respect to the core tax years, it did not timely file its claims for refunds for the NOL carryback or carryover tax years; the statutorily provided right to a refund for the NOL carryback and carryover tax years was extinguished by the expiration of the time limitations; and, as a result, the district court lacked jurisdiction over the case after the issue of refunds for the core tax years was settled by the parties.

Bank responds, and the district court agreed, that its right to claim refunds for the NOL carryback and carryover tax years springs from its prayer for relief in the final paragraph of its complaint:

WHEREFORE Plaintiff prays for judgment as follows:

\* \* \* \*

(2) That the Court grant Plaintiff *such other and further relief as is just and equitable.*

(Emphasis added.)

■ The fundamental flaw in Bank's argument is that the allegations of its complaint cannot overcome its failure to file timely claims for refund for the carryback and carryover tax years. Bank does not dispute that it did not submit those claims until 1996, long after the expiration of the three-and-one-half-year limitation period, and even after the 45 month extension for NOL carrybacks. Minn.Stat. §§ 290.095, subd. 9; 290.50, subd. 2. Therefore, those claims had already expired and could not be revived by Bank's complaint, whether those tax years had been specified in the complaint or were deemed included within its broad prayer for relief. *State v. Bies,* 258 Minn. 139, 145, 103 N.W.2d 228, 234 (1960) (stating that where state did not assess income taxes within three and one-half year statutory limitation period, its "rights had been lost and did not have within them the seeds of revival").

■ In this respect, the consequence of the expiration of the time limitation for filing claims for tax refunds is more severe than that of an ordinary statute of limitations because the limitation not only operates on the remedy, it is also a limiting condition on the statutory right to a refund. *Compare Contos v. Herbst,* 278 N.W.2d 732, 745 (Minn.1979) (statute of limitations operates to withhold the remedy but does not affect the right), *with Bies,* 258 Minn. at 148, 103 N.W.2d at 235 ("[W]here a statute gives a new right of action, not existing at common law, and prescribes a time within which it may be enforced, the time so prescribed is a condition of its enforcement, an element in the right itself, and the right falls with the failure to apply for relief within the allotted time" (quotation omitted)). The time

limitation in a statutorily created cause of action is thus considered jurisdictional. *Ortiz v. Gavenda*, 590 N.W.2d 119, 122 (Minn.1999) (affirming dismissal of statutory action not commenced within three-year limitation period).

The Bank's broad prayer for relief in its complaint cannot save the refund claim for the NOL carryback and carryover tax years because, even if it is interpreted to include those years, the complaint does not serve as, and was not preceded by, a claim for refund. Under the statutory scheme, a taxpayer must complete two distinct steps to obtain a district court judgment for a refund: first, file a claim with the commissioner and, second, commence an action if the claim is denied or not ruled upon by the commissioner. Minn.Stat. § 290.50, subds. 1(a), 2 (repealed 1990). A taxpayer cannot state a cause of action in a civil complaint without first perfecting the claim by filing it with the commissioner within the allotted time.

Moreover, the Bank cannot rely upon its refund claims for the core tax years as satisfying the prerequisite that it file a claim for each of the NOL carryback and carryover tax years. The tax laws clearly treat each tax year as separate and distinct. *See, e.g.,* Minn.Stat. §§ 290.02 ("An *annual* excise tax is hereby imposed * * *"); 290.37 (a return is to be filed for each tax year) (repealed 1990); 290.391 (amended returns, to be filed on a return form for the same year as the return being corrected, may serve as claim for refund) (repealed 1990); 290.095 (net operating loss allowed as a deduction in the carryback and carryover tax years); *Sun Chem. Corp. v. United States*, 218 Ct.Cl. 702, 704 (1978) ("A refund claim for a particular tax year * * * does not constitute a refund claim for a different tax year, even if the underlying legal and factual base for the claims for the 2 years are the same"); *Finfgeld v. Comptroller of the Treasury*, No. 3128, 1990 WL 135007, at *2 (Md. T.C. Aug. 2, 1990) (a refund claim showing a loss for one year does not constitute a protective claim for a carryback year); *see also* 15 Mertens, Law of Federal Income Taxation § 60.41 (1997) ("Applying the rule that taxation is based upon annual accounting periods, it is uniformly held that each tax year gives use to a different cause of action");

Bank argues that the partial release of claims indicated that the parties intended to leave open Bank's right to claim NOLs, while affording the commissioner any defenses it may have had to such claims. But the terms of this release cannot confer jurisdiction when the statutory right in question has already expired. *Marzitelli v. Little Canada*, 582 N.W.2d 904, 907 (Minn.1998). Further, the defense of lack of jurisdiction was preserved by the commissioner and, accordingly, was not waived.

For these reasons, we hold that the district court erred in determining that it had jurisdiction over Bank's statutory refund claims for the NOL tax years.

## II.

Bank argues that its action could proceed on the alternative theory of unjust enrichment. Bank relies in part upon *United States ex rel. Cheyenne River Sioux v. South Dakota*, 105 F.3d 1552, 1560 (8th Cir.1997) (holding that damages could be awarded retroactively for state excise tax that was declared unconstitutionally discriminatory) and *United States v. Michigan*, 851 F.2d 803, 810 (6th Cir. 1988) (holding that an unjust enrichment action could be brought to recover improperly imposed state sales taxes). Bank argues that such claims are not subject to the time limitations contained in the tax-

refund statute and are only subject to the six-year statute of limitations under Minn. Stat. § 541.05 (1986).

We conclude that the tax refund statute provides the exclusive remedy for the recovery of these unconstitutionally discriminatory corporate excise taxes and that its time limitations cannot be avoided by an action for unjust enrichment. In reaching this conclusion, we are guided by the United States Supreme Court decision in *McKesson Corp. v. Div. of Alcoholic Beverages & Tobacco,* 496 U.S. 18, 110 S.Ct. 2238, 110 L.Ed.2d 17 (1990), as interpreted and applied in *Cambridge State Bank v. James,* 514 N.W.2d 565 (Minn. 1994).

In *McKesson,* the Court held that the unlawful exaction of a tax is a deprivation of property under the due-process clause for which a state must provide relief. 496 U.S. at 36, 110 S.Ct. at 2250. If a state relies on postdeprivation procedures, the Court held that the state must provide either a refund of the discriminatory portion of the tax, a retroactive tax on the taxpayers who benefited from the discrimination, or a combination of the two. *Id.* at 39–41, 110 S.Ct. at 2251–52. In addressing the state's equitable arguments against refunds, based upon claims of good faith and the undermining of sound fiscal planning, the Court recognized the state's "freedom to impose various procedural requirements on actions for postdeprivation relief" through tax-refund statutes that provide reasonable restrictions on the right to refunds, including "relatively short statutes of limitations." *Id.* at 45, 110 S.Ct. at 2254.

In *Cambridge,* our supreme court considered the three permissible postdeprivation remedies and chose the remedy of refunding the discriminatory portion of the tax. 514 N.W.2d at 571. The court did not specifically state that the refund reme-dy it had chosen was the remedy already provided by statute, under Minn.Stat. § 290.50. That conclusion, however, can be readily implied from the court's recognition that the banks would not be allowed to recover for the tax years barred by "the statute of limitations on tax refund actions." *Id.* at 572. Moreover, the court did not choose or discuss any alternative remedies, such as unjust enrichment.

We interpret these two decisions as supporting the conclusion that a state's tax refund statute satisfies its obligations under the Due Process Clause, to provide a postdeprivation remedy, even though it contains time limitations that impose conditions on that remedy. We further interpret *Cambridge,* in choosing the tax-refund statute as the constitutionally required remedy, to establish that remedy as exclusive.

### III.

Bank also argues that it has a valid cause of action for breach of fiduciary duty and that such an action is not subject to the periods of limitation under the tax-refund statute. Bank bases its fiduciary-duty claim on the statutory duty of the commissioner to return overpayments of taxes:

> The commissioner shall, as soon as practicable after the return is filed, examine the same and make any investigation or examination of the taxpayer's records and accounts that he *may deem necessary* for determining the correctness of the return.
>
> \* \* \* \*
>
> In cases where there has been an overpayment of a self-assessed liability as shown on the return filed by the taxpayer, the commissioner *may* refund such overpayment to the taxpayer and

no demand therefor shall be necessary * * *.

Minn.Stat. § 290.46 (emphasis added). Bank argues further that a "basis for legal and equitable relief" arises from the following statutory language:

Notwithstanding the provisions of any other law, the commissioner of revenue *may use any and all information in his possession, or to which he has access,* to insure equal and consistent application and enforcement of all tax laws administered by this department.

Minn.Stat. § 270.065 (1984) (emphasis added).

As can be seen, each of these provisions is discretionary. None can be said to impose a fiduciary duty on the commissioner. Further, to the extent that Bank attempts to fashion a tort claim based on these provisions, that claim would be defeated by governmental immunity because

the state and its employees are not liable for * * * a loss caused by the performance or failure to perform a discretionary duty, whether or not the discretion is abused.

Minn.Stat. § 3.736, subd. 3(b) (2000). More specifically, immunity protects the state and its employees from any tort liability for "a loss in connection with the assessment and collection of taxes." Minn. Stat. § 3.736, subd. 3(c) (2000). Finally, this claim is likewise precluded by our holding above, that the tax-refund statute provides the exclusive remedy.

## DECISION

Because respondent failed to timely file its refund claims for the NOL carryback and carryover tax years, the district court had no jurisdiction to consider those claims. Therefore, the district court erred in denying appellant's motion to dismiss.

**Reversed.**